GRIFFITH v. MATHEW.

[No. 20,600. Filed September 19, 1967. Rehearing denied October 30, 1967. Transfer denied December 15, 1967.]

*Harry J. Jennings, Richard A. Mayer* and *Spangler, Jennings. Spankler & Dougherty,* all of Gary, and *Leon R. Kaminski* and *Newby, Lewis & Kaminski,* both of LaPorte, all for appellant.

*Walter Nowicki, Edward J. Raskosky, George Kohl* and *Paul K. Gaines,* all of Hammond, for appellee.

FAULCONER, J.—This appeal involves an action for personal injuries allegedly sustained by plaintiff-appellee, Mildred Mathew, while riding as a passenger in an automobile owned and operated by her husband, which automobile was involved in a collision with a vehicle being operated by defendant-appellant, Juanita May Griffith.

Trial was by jury which rendered a verdict in favor of appellant, and judgment was duly entered thereon. Appellee then filed a motion for new trial, which motion was sustained by the trial court for the following reasons:

"1. That under specification 1 of the motion for new trial, the Court after weighing all of the evidence is of the opinion that the verdict of the jury was against the clear preponderance of the evidence, the preponderance of the evidence being in favor of the plaintiff and against the defendant.
"2. That under specification 3 (a) of the motion for a new trial, the Court erred in the giving to the jury the Court's instructions 13, 20, 24, 31 and 34."

From the granting of the motion for a new trial, the appellant prosecutes this appeal assigning as error that the trial court erred in sustaining both of the above counts of appellee's motion for a new trial.

It should be stated at the outset that if any of the reasons stated by the trial judge are valid, this court must affirm the order granting the motion for new trial. *Newsom* v. *Pennsylvania Railroad Co., et al.* (1962), 134 Ind. App. 120, 122, 123, 186 N. E. 2d 699; *Lowry* v. *Indianapolis Traction, etc., Co.* (1921), 77 Ind. App. 138, 157, 126 N. E. 223.

As stated by this court in *Bailey* v. *Kain* (1964), 135 Ind. App. 657, at p. 662, 192 N. E. 2d 486, at page 488, 2 Ind. Dec. 34 (Transfer denied),

> "It therefore becomes the sole duty of this court to examine the record to see if (1) the trial court abused its judicial discretion (2) a flagrant injustice has been done the appellant, or (3) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant."

The duty of the trial judge when confronted with a motion for a new trial is very well stated by Judge Hunter in *Bailey* v. *Kain, supra,* at pages 662-65 of 135 Ind. App., pages 488-90 of 192 N. E. 2d, pages 37-39 of 2 Ind. Dec., as follows:

> "On a motion for a new trial it must clearly appear to the trial judge that substantial justice has been done and, if in his opinion the preponderance of the evidence is against the verdict, it is his duty to grant the new trial. [Citing authorities.]
>
> "We will be hesitant to overrule a trial court in granting a motion for new trial for the reason that there are strong presumptions in favor of the trial court's action, and it is therefore a sound precedent which dictates that this court should be reluctant to second guess a trial court in granting a motion for new trial. [Citing authorities.]
>
> "The trial judge is more than a mere umpire; his duties extend beyond the bounds of confining the evidence to the issues and instructing the jury on the law of the case; it was his duty to hear the case along with the jury; he had the opportunity to see and know the jury; he had the duty to observe the witnesses and note the level of their intelligence and wisdom together with their independence or lack of it, their prejudice or lack of it concerning matters about which they testified, and to note their bias or prejudice, their in-

terest or lack of interest. In short, it was *his duty to keep his eyes and ears open to what was going on during the trial* so that when confronted with a motion for a new trial, he could pass upon the purely legal questions involved in the case, as well as determine the weight and sufficiency of the evidence to sustain the verdict. There are many things the trial judge must take in consideration in determining the weight of conflicting evidence and passing upon the question of the preponderance thereof which make his duty in the first instance entirely different from that of an appellate tribunal as a court of review, for at the appellate level we have only the record and briefs exemplified by the cold type before us. *Hinds, Executor, etc.* v. *McNair et al., supra* [(1955), 235 Ind. 34, 129 N. E. 2d 553], and cases cited. Re trial courts' duty to weigh conflicting evidence, credibility of witnesses, etc., see also *Cleveland, etc., R. Co.* v. *Baker* (1920), 190 Ind. 633, 128 N. E. 836. [Citing authorities.]

\* \* \* \* \*

"The duty thus imposed as stated hereinbefore requires that the judge attentively review, consider and weigh the evidence presented during the trial. Such a mandate places upon him (the trial judge) the duty of observing and noting all of the indicia of truth and falsehood surrounding the witnesses at the trial together with all of the surrounding circumstances about which they testified and thereupon to determine the credibility of the various witnesses and the weight to be accorded their testimony. All of such factors most conscientiously occupy the judge's attention on a motion for a new trial and he should exercise them with 'careful deliberation' in his determination of the question of the preponderance of the evidence, and if in the judge's opinion, the evidence preponderated against the verdict of the jury it is his imperative duty to grant a new trial for the party seeking such relief. This is a duty the trial judge should face conscientiously and unflinchingly, 'with firmness for the right' and without fear or favor. [Citing authorities.]

"Further, it must be said that the duties evolving upon the trial judge when invoked by consideration of a motion for a new trial do in fact and law constitute him a thirteenth juror. Our case law in Indiana re the duty and responsibility of the trial court in such instances is paralleled by the case law governing the federal trial courts and in analogous situations the federal trial judge sits as the 'thirteenth juror.'"

And, further, at page 671 of 135 Ind. App., page 492 of 192 N. E. 2d, page 42 of 2 Ind. Dec.:

"The warp and woof of the fabric of our judicial system which guarantee all citizens equal justice under the law depend upon the maintenance of a pattern of judicial responsibility, restraint, and an absolute and conscientious adherence to the rules governing our judicial tribunals at each level. The structure of our judicial system rests upon the solid foundation of our trial courts at every level of government. The keystone of justice in our system is the trial court, thus if it is to be accomplished under the law, it must be attained first at the trial court level. If the trial courts and the appellate tribunals will remain steadfast to the rules governing their respective duties and functions, substantial justice will be done insofar as human agencies are capable of its accomplishment.

"The power of the trial judge to examine the whole case with a view toward securing a result not merely legal, but which also manifests justice, is a power not in derogation of the right to trial by jury as urged by the appellant; quite the contrary, is one of the historic safeguards of the right. This power, if exercised in pursuance of sound judicial discretion, is a power without which our jury system might become a capricious, fickle and intolerable tyranny under which no system of jurisprudence in a free society could long survive."

Based upon the above quoted portion of the *Bailey* case and the authorities cited therein, there is a considerable burden upon the appellant to affirmatively demonstrate, on appeal, an abuse of discretion by the trial court in the granting of the motion for a new trial. Without unduly lengthening this opinion, we have examined the record in this cause and are of the opinion therefrom that we, at this level, cannot say, as a matter of law, that an abuse of discretion by the trial court has been shown and, therefore, the judgment granting the motion for a new trial should be affirmed.

Judgment affirmed.

Carson, P.J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 229 N. E. 2d 657.