STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* RONDAL ESTES, BY HIS NEXT FRIEND, DOROTHY ESTES.

[No. 20,686. Filed January 29, 1968. Rehearing denied April 17, 1968. Transfer denied May 29, 1968.]

*James E. Rocap, Jr.,* of Indianapolis, *John T. Sharpnack,* of Columbus, *Rocap, Rocap, Reese & Robb,* of Indianapolis, of counsel, for appellant.

*James L. Kershaw,* of Columbus, and *Goltra, Cline, King and Kershaw,* of Columbus, of counsel, for appellee.

FAULCONER, J.—This action was commenced by appellee, the injured party, against the appellant insurance company on an insurance policy issued to one Lloyd Fisher. The appellant had denied coverage and the appellee had recovered a judgment by default against Fisher in the amount of $45,000. When the execution on such judgment against Fisher was returned unsatisfied, the appellee brought suit against the appellant under Acts 1935, Ch. 162, § 177, p. 588, § 39-4309, Burns' 1965 Replacement.

At the close of all the evidence appellant made a motion for a directed verdict in its favor, which was granted by the trial court and judgment was rendered accordingly. Thereafter the appellee submitted his motion for new trial which was sustained by the trial court.

The appellant assigns as error in this court:

1. The court erred in sustaining appellee's motion for new trial.
2. The court erred in granting appellee a new trial in said cause.

If any of the reasons stated by the trial judge are valid, this court must affirm the order of the trial court granting the motion for new trial. *Griffith* v. *Mathew* (1967), 141 Ind. App. 462, 229 N. E. 2d 657, 658, 11 Ind. Dec. 181, (Trans. Denied) ; and cases there cited.

In the last paragraph of reasons for granting appellee's motion for new trial, the trial court stated:

"Evidence was allowed to be introduced which, in the opinion of the Court, was sufficient to allow the jury to determine whether or not defendant had waived strict compliance with the notice provision of the policy."

The evidence produced is not set forth verbatim or in condensed form in appellant's brief. Whether it appears in the transcript as a bill of exceptions is of no concern to us since we will not search the record on appeal to reverse.

Since we do not have the evidence before us we, on appeal, presume there was evidence to support the action of the trial court. The burden is upon appellant to demonstrate that none of the reasons given are valid and to affirmatively demonstrate an abuse of discretion by the trial court in the granting of the motion for a new trial. *Griffith* v. *Mathew, supra,* (1967), 141 Ind. App. 462, 229 N. E. 2d 657, 658, 11 Ind. Dec. 181, (Trans. Denied).

This court in *Bailey* v. *Kain* (1964), 135 Ind. App. 657, at p. 662, 192 N. E. 2d 486, at page 488, 2 Ind. Dec. 34, (Trans. Denied), stated:

"It therefore becomes the sole duty of this court to examine the record to see if (1) the trial court abused its judicial discretion (2) a flagrant injustice has been done the appellant, or (3) a very strong case for relief from the trial court's ordering a new trial has been made by the appellant."

Under the circumstances of this cause and the law as set forth in the decisions of this court and the Supreme Court

concerning a trial court's granting of a motion for new trial, we are of the opinion that the action of the trial court should be affirmed.

Judgment affirmed.

Carson, C. J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 233 N. E. 2d 253. Transfer denied with opinion 237 N. E. 2d 257.