CLAUDE BOROWSKI *v*. ROBERT P. RUPERT b/n/f JOHN P. RUPERT.

[No. 1171A248. Filed April 25, 1972. Rehearing denied May 30, 1972. Transfer denied November 1, 1972.]

*Robert J. Konopa, Terry V. Lehr, Crumpacker, May, Levy & Searer,* of South Bend, for appellant.

*John R. Obenchain, Roland Obenchain,* of South Bend, for appellee.

STATON, J.—This is an appeal from the granting of a new trial on the sole and limited issue of damages subject to additur in the sum of $2,500.00. Robert P. Rupert, age eleven years, was a passenger on a Honda motorcycle traveling in a southerly direction on Michigan Road in St. Joseph County, Indiana. Claude Borowski was traveling in a northerly direction on Michigan Road and turned west at the intersection of Michigan Road and Ireland Road. His automobile crossed the center line and collided with the motorcycle upon which Robert P. Rupert was a passenger. The jury returned a verdict for Robert P. Rupert and awarded him damages in the amount of $500.00. Robert P. Rupert filed a motion to correct errors based upon the inadequacy of the damages granted by the jury. The trial court granted a new trial on the single issue of damages or in the alternative, an additur which provided that Claude Borowski could pay an additional $2,500.00 which would make the total award of damages to Robert P. Rupert $3,000.00. Claude Borowski is appealing from this order of the trial court granting a new trial on the

single issue of damages subject to additur.[1] We affirm the action of the trial court in the opinion which follows:

Claude Borowski presents two contentions in support of his appeal to this court:

1. The Thirteenth Juror Principle under which the trial court acted is unconstitutional. He further contends that if the Thirteenth Juror Principle is constitutional, it should be limited in its scope and application. He suggests that the trial court abused its discretion in applying the principle of the Thirteenth Juror in the present case.
2. Limiting the new trial to the single issue of damages is error. He further contends that liability was not "definitely established in favor of the plaintiff." His second reason offered for not limiting the new trial to a single issue is "Under the facts of this case, it would be obviously unfair and inequitable to limit any new trial to the sole issue of damages."

This historical development of the jury system in Anglo-American jurisprudence and our own constitutional history is

---

1. In *Fisch* v. *Manger* (1957), 24 N. J. 66, 130 A. 2d 815, The New Jersey Supreme Court discusses a new trial conditioned upon additur which is cited here to acquaint the reader of this opinion with its use, since our new rules of procedure have only been in effect several years. (Effective date January 1, 1970.) In *Fisch, supra,* 130 A. 2d at 818, The New Jersey Supreme Court explained:

"The first point which he urges in support of his appeal is that once the trial court had concluded that the damages awarded by the verdict were inadequate it had no legal power whatever to condition the grant of a new trial upon the defendant's failure to consent to a prescribed increase in the verdict. * * * Much has appeared in the law reviews in support of the practices of remittitur and additur as enlightened aids in securing substantial justice between the parties without the burdensome costs, delays and harassments of new trials. * * * The term remittitur is used to describe an order denying the defendant's application for new trial on condition that the plaintiff consent to a specified reduction in the jury's award, whereas the term additur is used to describe an order ·denying the plaintiff's application for new trial on condition that the defendant consent to a specified increase in the jury's award. While it is now recognized that the two practices are logically and realistically indistinguishable, remittiturs have been recognized almost everywhere, whereas additurs are still outlawed in some, though by no means all, of the states. * * * The English precedents prior to the American Revolution are somewhat obscure and they are discussed in the majority and minority opinions in *Dimick* v. *Schiedt,* 293 U.S. 474, 55 S. Ct. 296, 79 L. Ed. 603 (1935)."

12

not kind to Claude Borowski's first contention.[2] He has chosen to express his first contention as follows:

2. Pollock and Maitland, *History of English Law*, Volume I. Holdsworth, *History of English Law*, Volumes I and II. Thayer, *Preliminary Treatise on Evidence*, 86-88, 97-100. William F. Walsh, *A History of Anglo-American Law*, 82-84. Pope, *The English Common Law in the United States*, 24 HARV. L. REV. 6 *et seq.*

In *Aetna Casualty & Surety Company* v. *Yeatts* (1941), 122 F. 2d 350, the Court of Appeals for the Fourth Circuit made the following observations when considering the District Judge's power under Rule 59:

"On such a motion it is the duty of the judge to set aside the verdict and grant a new trial, if he is of opinion that the verdict is against the clear weight of the evidence, or is based upon evidence which is false, or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict. The exercise of this power is not in derogation of the right of trial by jury, but is one of the historic safeguards of that right * * *. The authority of the common pleas and the control and revision of excessive verdicts through the means of new trials was firmly settled in England before the foundation of this Colony, and has always existed here without challenge under any of our constitutions. It is a power to examine the whole case on the law and the evidence, with a view to securing a result, not merely legal, but also not manifestly against justice,—a power exercised in pursuance of a sound judicial discretion, without which the jury system would be a capricious and intolerable tyranny, which no people could long endure. This court has had occasion more than once recently to say that it was a power the courts ought to exercise unflinchingly." 122 F. 2d at 352.

A short historical treatment of the trial judge's power to grant a new trial is found in *Smith* v. *Times Publishing Company*, 178 Pa. 481, 36 A. 296, 308 (1897). This historical treatment reads as follows:

" 'Trial by jury' therefore meant, at the time of Magna Charta, the investigation and decision of an issue of fact between parties litigant by 12 men, sitting as jurors, under the advice and legal direction of a law judge. When the verdict is rendered by the jury, it is to the court of which they are a part. It is recorded upon the minutes of the court, and becomes a part of the record of the trial; but it does not thereby become a judgment of the court unless the judge is satisfied with it, and specially or by general order or rule so directs. He has a responsibility for the result no less than the jury, for it is his duty to see that right and justice are done, so far as this may be practicable in the particular case. If he is not satisfied with the verdict, it is his duty to set it aside, and grant a new trial before another jury. This was the settled practice in England as early as 1665. Forsyth, Jury Tr. 164. Lord Holt states that the practice of granting new trials, as a means of correcting the mistakes and relieving against the misconduct of juries, was in use much earlier than 1665, but accounts for its exercise not appearing in the books for the reason that, prior to that date, the action of the courts upon motions were not reported.

"As early, therefore, as 1665, the courts at Westminster did precisely what we have done in this case, and for the same reason. The right of trial by jury was not then supposed to give to a successful party the right to insist on an advantage due to the mistake or the willful misconduct of the jury, no matter how grossly unjust and oppressive the result might be; but the supervisory control of the court in banc,

"The 'thirteenth juror' principle unquestionably does adversely affect the substance of the right of Indiana citizens to a trial by jury, however, and it is, therefore, unquestionably unconstitutional. The 'thirteenth juror' principle has been described in detail by the Appellate Court case of *Bailey* v. *Kain* (1963), 135 Ind. App. 657, 192 N. E. 2d 486, in the following fashion:

> 'On a motion for a new trial it must clearly appear to the trial court that substantial justice has been done and if in his opinion the preponderance of the evidence is against the verdict, it is his duty to grant the new trial . . . 192 N. E. 2d, at 488.
>
> '. . . [I]f in the judge's opinion, the evidence preponderated against the verdict of the jury it is his duty to grant a new trial for the party seeking such relief. . . . 'Further, it must be said that the duties evolving upon the trial judge when invoked by consideration of a motion for a new trial do in fact and law constitute him a thirteenth juror. 192 N. E. 2d at 490."

"When closely viewed, it is readily apparent that what the Indiana Constitution grants with respect to the right of a trial by jury in civil cases, the upper courts in the State of Indiana have taken away. When trial courts are empowered to review evidence submitted at trial and, through the use of the same standard of proof applicable to the jury's determination of the issues, is further empowered to overrule the jury's verdict, then Indiana courts have not reasonably regulated the constitutional right to trial by jury but have substantially impaired that right. Obviously, a judge who merely disagrees with the jury, particularly with respect to the damage portion of a verdict in the plaintiff's favor, can, under present Indiana upper court interpretations of Article I, Section 20 of the Indiana Constitution,

---

sitting as a court of review, was promptly exercised to relieve against the miscarriage of justice. The exercise of this power was then thought to be in aid of trial by jury. Lord Mansfield, in *Bright* v. *Eynon*, 1 Burrows, 390, described the effect of thus granting a new trial as 'no more than having the cause more deliberately considered by another jury, when there is reasonable doubt, or perhaps a certainty, that justice has not been done.' The function of the jury was well defined by Chief Justice Holt in *Ash* v. *Ash*, Holt, 701, nearly 100 years before the Declaration of Independence: 'The jury are to try the cause with the assistance of the judge.' They are not, and have never been, independent of the court of which they are a part, but their verdicts must meet the approval, or at least they must not offend the sense of justice, of the presiding judge, who, as the late Justice Grier, of the Supreme Court of the United States, was fond of saying, was by virtue of his position 'the thirteenth juror.' "

order a new trial even though, as here, the question of what the damages were is completely subjective, and reasonable people could conflict in their determination of a fair damage award. Upon the case being retried, should another verdict be rendered by the jury in an amount comparable to the verdict rendered by the first jury, the same trial judge may again overrule that jury's verdict, and continue to overrule each subsequent jury's verdict until, finally, he finds a jury which agrees with his opinion of the case. This, it is submitted, is a trial by the court rather than a trial by the jury."

Knowledge of the common law right of trial by jury at the time of the adoption of the Indiana Constitution is necessary; otherwise, each of us may have a preconceived idea of a right to trial by jury which has no relationship or similarity to the common law right of trial by jury as set forth in § 20, Art. 1 of the Constitution of Indiana which provides that:

"In all civil cases, the right of trial by jury shall remain inviolate."

Our Indiana Supreme Court has said of this right to jury trial that:

"It is well settled by our decisions that the Constitution of Indiana must be interpreted in the light of the common law of England. Concerning our constitutional provision, this court said in the case of *Allen* v. *Anderson* (1877), 57 Ind. 388:

'This provision of the constitution was adopted in reference to the common-law right of trial by jury, as the language plainly imports, namely, that the right "shall *remain* inviolate," that is, *continue* as it was.'

"The courts of numerous states having a constitutional provision as to juries identical or similar to ours, and the United States Supreme Court, have universally held that such a constitutional provision preserves the right to a trial by a common-law jury. At common law the right to a trial by jury was only satisfied by a trial before a jury of twelve, presided over by a judge with power and authority to direct the conduct of the trial and advise the jury concerning the law, and to arrest and set aside judgments." *Millers Na-*

*tional Insurance Co.* v. *American State Bank of East Chicago* (1934), 206 Ind. 511, 515-516, 190 N. E. 433, 435.

In *Gasoline Products Co.* v. *Champlin Refining Co.* (1931), 283 U.S. 494, 51 S. Ct. 513, 75 L. Ed. 1188, the Supreme Court of the United States had the identical question on damages argued before it. The interpretation of the Seventh Amendment was argued as follows:

> "It is argued that as, by the rules of the common law in force when the Amendment was adopted, there could be no new trial of a part only of the issues of fact, a resubmission to the jury of the issue of damages alone is a denial of the trial by jury which the Amendment guarantees."

Answering this argument, the Supreme Court said:

> "It is true that at common law there was no practice of setting aside a verdict in part. If the verdict was erroneous with respect to any issue, a new trial was directed as to all. This continued to be the rule in some states after the adoption of the Constitution; but in many it has not been followed, notwithstanding the presence in their constitutions of provisions preserving trial by jury.
>
> * * *
>
> "Lord Mansfield, in applying the common-law rule where the verdict, correct as to one issue, was erroneous as to another, said: '. . . for form's sake, we must set aside the whole verdict . . .' *Edie* v. *East India Co.* 1 W. Bl. 295, 298. We are not now concerned with the form of the ancient rule. It is the Constitution which we are to interpret; and the Constitution is concerned, not with form, but with substance. All of vital significance in trial by jury is that issues of fact be submitted for determination with such instructions and guidance by the court as will afford opportunity for that consideration by the jury which was secured by the rules governing trials at common law. See *Herron* v. *Southern Pacific Co.,* 283 U.S. 91 (1931). Beyond this, the Seventh Amendment does not exact the retention of old forms of procedure. See *Walker* v. *Southern Pacific R. Co.,* 165 U.S. 593, 596. It does not prohibit the introduction of new methods for ascertaining what facts are in issue, see *Ex parte Peterson,* 253 U.S. 300, 309, or require that an issue once correctly determined, in accordance with

the constitutional command, be tried a second time, even though justice demands that another distinct issue, because erroneously determined, must again be passed on by a jury.

"* * * Here we hold that where the requirement of a jury trial has been satisfied by a verdict according to law upon one issue of fact, that requirement does not compel a new trial of that issue even though another and separable issue must be tried again." 283 U.S. at 497-499.

This does not mean that the trial court is totally unrestricted in the exercise of its power to grant a new trial upon a single issue. Even *Gasoline Products Company, supra,* cautions against such unbridled power in the hands of the trial court at page 500:

"Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. See *Norfolk Southern R. Co. v. Ferebee,* 238 U.S. 269, 274; *American Locomotive Co.* v. *Harris,* 239 Fed. 234, 240; *Simmons* v. *Fish, supra,* p. 568; *McBride* v. *Huckins,* 76 N. H. 206, 213; 81 Atl. 528; *General Motors Co.* v. *Shepard Co.,* 47 R. I. 153, 156; 130 Atl. 593; *LeFebvre's Administrator* v. *Central Vermont Ry. Co.,* 97 Vt. 342, 358; 123 Atl. 211. Here the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, which would amount to a denial of a fair trial."

Indiana follows the weight of authority which allows the trial judge to set aside the verdict of a jury and order a new trial if the damages are inadequate. It is proper for the trial judge to limit such new trial solely to the issue of damages. (See 29 A. L. R. 2d 1199.)

Rule TR. 59(E) of the Indiana Rules of Procedure must be followed by the court when granting relief. Rule TR. 59(E) reads as follows:

"Relief granted on motion to correct errors. The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error,

including without limitation the following with respect to all or some of the parties and all or some of the issues:

(1) grant a new trial;

(2) enter final judgment;

(3) alter, amend, modify or correct judgment;

(4) amend or correct the findings or judgment as provided in Rule 52 (B) ;

(5) in the case of excessive or inadequate liquidated damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur;

(6) grant any other appropriate relief, or make relief subject to condition; or

(7) in reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence.

"In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings

shall show why judgment was not entered upon the evidence."[3]

The granting of the motion to correct errors by the trial court in the present case is set forth as follows:

"Come now the parties herein.

"And now motion to correct errors is granted.

"And now the court finds that the plaintiff, as a result of the accident for which the defendant was found negligent, suffered the following:

a) Fracture of the left fibula and tibula above and ankle;

b) injury to skin and tissues of left elbow, left knee, left leg shin area;

c) a cast was applied reaching above the knee;

d) that plaintiff suffered pain, was hospitalized for six days, and was not released by the treating physician until February 2, 1967, or one year and six months after the accident;

e) that there was some swelling and atrophy of the left calf and thigh;

f) that healing was complete with good alignment;

g) in February of 1967, the calf atrophy was not perceptible there was still a 3/8 inch atrophy in left thigh, and scars on the left elbow and left leg;

---

3. Judge Sullivan dissenting in *Collins* v. *Grabler* (1970), 147 Ind. App. 584, 263 N. E. 2d 201, in speaking out against *Bailey* v. *Kain, supra*, made these observations:

"My view in this regard is given persuasive support by the most recent action taken by the Indiana Supreme Court in this area. TR. 59(E) of the new Indiana Rules of Civil Procedure requires that when a new trial is granted the trial judge must make special findings in support of the ruling and that if the ruling is to the effect that the verdict was against the weight of the evidence, the finding must relate the supporting and opposing evidence to each issue upon which a new trial was granted.

"At least one perspicacious observer immediately noted that such rule indicates a conscious desire on the part of our Supreme Court to safeguard the fact-finding process and insulate it from well-intentioned trial courts. Greenebaum, *Post-Trial Motions under the New Indiana Rules*, 45 Ind. L. J. 377, at 381-382. That this more restrictive requirement concerning the granting of new trial was deliberate on the part of the Supreme Court is further indicated by the fact that the General Assembly deleted the provision from the Study Commission's proposed draft [Acts 1969, ch. 191, § 1, Rule 59(E)], but that said provision was reinstated by the Supreme Court in promulgation of the rules."

h) that plaintiff's left leg now tires easier and is subject to swelling after such exertion as skating;

i) that plaintiff was limited to some degree for almost two years as a result of the injuries;

j) that plaintiff after release from the hospital was required to use a wheel chair for two months;

k) that plaintiff suffered discomfort for about six or seven months.

"And now the court therefore finds that a verdict in the amount of $500.00 constitutes an inadequate amount of damages.

"And now a new trial is therefore ordered on the single issue of damages; in the event the defendant shall consent to an addition of $2,500.00, making a total judgment for damages in the amount of $3,000.00, the necessity for the new trial will be obviated."

It is necessary now for us to examine and analyze Rule TR. 59 (E) to see if the trial court followed the correct procedure for granting a new trial subject to additur. In other words, what does the Rule mean and how do you follow it in practice.

Rule TR. 59 (E) refers to a time after the motion to correct errors has been filed with the trial court when the trial court has determined that prejudicial or harmful error has been committed. Upon making this determination, the trial court "* * * shall take such action as will cure the error, * * *." The Rule lists seven curative courses of action. The trial court is not limited to these seven curative courses of action. The Rule clearly states "* * * including without limitation the following with respect to all or some of the parties and all or some of the issues * * *." There is no restriction placed upon the trial court in its effort to correct the errors committed before the filing of the motion to correct errors.

It is the last paragraph of Rule TR. 59 (E) which sets forth certain restrictive guidelines to be followed by the trial court in conjunction with the chosen curative action. This paragraph is:

"In its order correcting error the court shall direct final judgment to be entered or shall correct the error without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. If corrective relief is granted, the court shall specify the general reasons therefor. When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the finding shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

This paragraph as set forth above contemplates two courses of action by the trial court:

(A)   An order correcting the error without a new trial, and
(B)   An order for a new trial.

COURSE OF ACTION (A) BY THE TRIAL COURT: The order correcting the error shall (a) direct final judgment to be entered *or* (b) correct the error without a new trial. When granting the corrective relief, the trial court shall specify the general reasons for granting the corrective relief. If this relief is shown to be impracticable or unfair to any of the parties or otherwise improper, the trial court should follow the second course of action which is COURSE OF ACTION (B).

COURSE OF ACTION (B) BY THE TRIAL COURT: This order correcting error requires a new trial which shall be limited to those parties and issues affected by the error. If the order limiting the new trial to just those parties and issues affected by the error is shown to be im-

practicable or unfair, the trial court should expand its order for a new trial to include those parties and issues assuring practicability and fairness.

When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the trial court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. These findings should indicate:

    (a)   Whether the decision is against the weight of the evidence, or

    (b)   Whether the decision is clearly erroneous as contrary to the evidence, or

    (c)   Whether the decision is not supported by the evidence.

If the decision is found to be either (b) or (c), the findings shall show why judgment was not entered upon the evidence. If the decision is found to be against the weight of the evidence which is (a), the trial court's findings shall relate the supporting and opposing evidence on each issue upon which a new trial is granted.

The trial court in the present case has chosen to grant relief under Rule TR. 59 (E) (5):

    "(5)   in the case of excessive or inadequate liquidated damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur;"

The trial court chose to grant a new trial subject to additur. This choice commits the trial court to course of action (B). The special findings of fact upon the material issue of damages have been set out by the trial court and clearly indicate that the decision is erroneous as contrary to the evidence or (b) as set forth above. The findings show that the court granted a new trial subject to additur with special findings of fact that show why the court didn't enter judgment upon the evidence. It is our opinion that the trial court did not commit error when it granted a new trial subject to additur.

We have examined the contention of Claude Borowski which urges that the issues of liability and damages both be considered at any new trial instead of the issue of damages solely. After reviewing the record and the briefs submitted, we are of the opinion that the contention is without merit. Robert P. Rupert's father had brought a separate, prior action for loss of services and medical expenses resulting from the injuries to his son. These issues were tried separately from the action now before us, and we can find no good reason for having an entire new trial on all the remaining issues when the sole concern is the amount of damages to be awarded.

The action of the trial court granting a new trial on the single issue of damages subject to an additur of $2,500.00 should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported in 281 N. E. 2d 502.