**DAYTON WALTHER CORPORATION and the Fayette-Haulette Division of Dayton Walther Corporation, Defendants-Appellants,**

v.

**Rhonda Sue CALDWELL, Plaintiff-Appellee, Walter Caldwell, Plaintiff-Appellee, Terry D. Fowler, Defendant-Appellee, Billy D. Fowler, Defendant-Appellee, Stockberger Machinery, Inc., Defendant-Appellee, Campbell Chain Company, Third Party Defendant-Appellee.**

No. 1–878A233.

Court of Appeals of Indiana, First District.

Aug. 14, 1979.

---

William H. Vobach, Locke, Reynolds, Boyd & Weisell, Indianapolis, Darrel Peckinpaugh, Warner, Clark & Warner, Muncie, for defendants-appellants.

John T. Cook and Peter D. Haviza, Winchester, Wayne J. Lennington, Muncie, James A. McDermott, James A. Strain and Paula M. Frost, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for plaintiff-appellee.

LOWDERMILK, Presiding Judge.

### ON PETITION FOR REHEARING

Plaintiff-appellee Rhonda Sue Caldwell has filed her petition for rehearing asking, *inter alia*, that this court clarify its opinion filed May 22, 1979, by stating which parties and what issues are to be included in the new trial which this court ordered.[1]

Rhonda Caldwell argues that the new trial should be limited to the issue of damages and should involve only defendants-appellants Dayton Walther Corporation and The Fayette-Haulette Division of Dayton Walther Corporation (Dayton Walther), and herself. She relies solely upon Ind. Rules of Procedure, Appellate Rule 15(N).

Dayton Walther asserts that the new trial should involve only itself and Rhonda Caldwell, but it maintains that the issue of liability as well as the issue of damages must be tried again. Dayton Walther cites as authority A.R. 15(N) and also relies upon *State v. Tabler* (1978) Ind.App., 381 N.E.2d 502.

A.R. 15(N) provides as follows:

"(N) Order or Relief Granted on Appeal. An order or judgment upon appeal may be reversed as to some or all of the parties and in whole or in part. The court, with respect to all or some of the parties or upon all or some of the issues, may order:

(1) A new trial;

\*　　\*　　\*　　\*　　\*　　\*

(6) Grant any other appropriate relief, and make relief subject to conditions.

The court shall direct final judgment to be entered or shall order the error corrected without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair. . . . "

### PARTIES

The State of Indiana and the Indiana State Highway Commission were dismissed as parties to this action prior to trial. Billy

---

1. The opinion filed May 22, 1979, is reported at 389 N.E.2d 723.

D. Fowler received a favorable judgment on the evidence. The jury returned a verdict in favor of Terry Fowler. No issues were raised on appeal concerning the disposition of claims against these parties. The issues have been finally resolved as to them.

The trial court ordered that the claims against Campbell Chain Company should be tried separately; we determined that this ruling was not erroneous. Accordingly, the claims against Campbell Chain Company remain pending.

The trial court entered judgment against Stockberger Machinery, Inc. in the amount of $800,000. All parties of record in the trial court are parties on appeal. Ind.Rules of Procedure, Appellate Rule 2(B). Stockberger is a party affected by the error. See A.R. 15(N).

Dayton Walther brought this appeal. The judgment entered against Dayton Walther and Stockberger has been reversed; Dayton Walther and Stockberger will participate in the new trial along with Rhonda Caldwell.

### ISSUES

Dayton Walther relies primarily upon *State v. Tabler, supra,* in arguing that the issue of liability as well as the issue of damages should be tried again.

In *Tabler* the Court of Appeals agreed with the trial court's determination that the jury had awarded inadequate damages but found error in the trial court's decision to limit the new trial to the issue of damages. At 381 N.E.2d 505, Judge Garrard quoted from Judge Staton's opinion in *Borowski v. Rupert,* (1972) 152 Ind.App. 9, 281 N.E.2d 502:

".  .  .  [T]he court [in *Borowski*] warned that a new trial on a single issue is proper only when:

'.  .  .  it clearly appears that the issue to be retried is so distinct and separable from the others that a trial on it alone may be had without injustice.' 281 N.E.2d 502, 506.

This constraint is particularly appropriate when inadequate damages are involved since they may be conclusive proof that the jury has compromised its verdict. .  .  ." (Citations omitted; our insertions)

Judge Garrard then concluded at 381 N.E.2d 506–7:

"There is present in this case evidence which supports both the appellees' and the appellant's theories of the cause of the accident. *The fact that the jury awarded damages unrelated to the evidence of damages coupled with the close question of liability leads to the conclusion that they could not agree as to whose negligence caused the accident,* but returned a verdict out of sympathy. While that motive may be understandable, particularly in a case with injuries of the nature involved here, it does not permit the trial court to award a limited new trial. Only a new trial on all the issues was permissible under these circumstances." (Our emphasis)

In the case at bar the issue of liability was resolved by the jury adversely to Dayton Walther and Stockberger. Dayton Walther argued on appeal numerous specifications of error. This court carefully considered each of Dayton Walther's allegations but determined that Dayton Walther had demonstrated error only with regard to the final argument as it related to the computation of damages.

No one has suggested that the damages awarded Rhonda Caldwell were inadequate. To the contrary, Dayton Walther has steadfastly maintained that the amount awarded was excessive. While the decision reached in *Tabler* was based upon evidence that the jury had compromised its verdict, no evidence of a verdict by compromise exists in the case at bar.

Dayton Walther, Stockberger, and Rhonda Caldwell have previously had a fair opportunity to present to a jury their respective positions on liability.[2] Rhonda Cald-

---

2. Dayton Walther implies that the decision as to liability may have been influenced by the

evidence concerning damages. Nevertheless, such evidence was admitted without proper

well has requested that the new trial be limited to the issue of damages. Dayton Walther has not demonstrated that such a limitation would be impracticable, unfair, or otherwise improper.

Pursuant to A.R. 15(N) this cause of action is remanded to the trial court for a new trial involving Dayton Walther Corporation, The Fayette-Haulette Division of Dayton Walther Corporation, Stockberger Machinery, Inc., and Rhonda Caldwell; said trial shall be limited to the issue of damages. The prior opinion of this court having been clarified by this opinion, we now deny Rhonda Caldwell's petition for rehearing in all other respects.

LYBROOK and ROBERTSON, JJ., concur.

objection. The error necessitating reversal related only to comments concerning elements to be included in the computation of damages.