**Everett HUNDT, Plaintiff-Appellant,**

v.

**LaCROSSE GRAIN CO., INC.,
Defendant-Appellee.**

**No. 3–1278A317.**

Court of Appeals of Indiana,
Fourth District.

March 10, 1982.

Harris & Welsh, Michael C. Harris, Chesterton, for plaintiff-appellant.

---

Newby, Lewis, Kaminski & Jones, Leon R. Kaminski, Mark L. Phillips, LaPorte, for defendant-appellee.

## ON PETITION FOR REHEARING

MILLER, Presiding Judge.

Defendant-appellee LaCrosse Grain Co., Inc. has asked this Court to set aside its opinion in *Hundt v. LaCrosse Grain Co., Inc.*, (1981) Ind.App., 425 N.E.2d 687. Hundt had originally obtained a judgment for $25,000 in his personal injury action against LaCrosse. However, the judgment was set aside in response to LaCrosse's Motion to Correct Errors because the parties' pre-trial order allegedly prohibited Hundt's reliance on safety regulations. We deemed this action by the trial court improper and ultimately remanded for a limited new trial on damages only based on an improper damage instruction. LaCrosse now requests that the cause be remanded to the trial court with instructions to enter judgment for it, or, alternatively, to conduct a new trial on all issues of Hundt's personal injury complaint. Although LaCrosse's petition is denied, we deem it appropriate to clarify two issues in our earlier opinion which have been addressed by LaCrosse on rehearing.

## I.

### *New Trial Limited to Damages Only*

■ Initially, LaCrosse contends it was error for this Court to limit its order of a new trial (occasioned by an improper damage instruction) solely to the issue of damages, in light of the fact liability itself was "hotly contested" and there allegedly was evidence at trial which would have supported a verdict for LaCrosse. Citing *State v. Tabler*, (1978) Ind.App., 381 N.E.2d 502, a case discussed in our earlier opinion, LaCrosse urges that under these circumstances there must be a new trial on liability as well as damages.

Although neither LaCrosse nor Hundt raise it as error on rehearing, we first note, before proceeding to LaCrosse's particular argument, that our earlier opinion mistakenly made reference to *Dayton Walther Corp. v. Caldwell*, (1979) Ind.App., 389 N.E.2d 723, *on petition for rehearing*, 393 N.E.2d 208, opinions which have been vacated in part by our Supreme Court in *Dayton Walther Corp. v. Caldwell*, (1980) Ind., 402 N.E.2d 1252. In *Dayton Walther*, the Court of Appeals had ordered a new trial on damages based on the closing remarks made by plaintiff's counsel regarding his client's potential disability. On transfer, our Supreme Court determined that based on the facts in that case neither a partial nor complete new trial was warranted, since the remarks of plaintiff's counsel were not error as found by the Court of Appeals, but rather were proper comments on the expert medical evidence presented at trial, to which opposing counsel made only a general objection. *Dayton Walther Corp. v. Caldwell, supra* at 1254. In the instant case, in contrast to *Dayton Walther*, the error occasioned by giving an instruction on the cost of future medical care without any evidence on this issue was manifest, and on rehearing neither party has contended this Court incorrectly reversed on this damage instruction.

We also believe that in the case at bar, this Court appropriately ordered a limited new trial pursuant to Ind.Rules of Procedure, Appellate Rule 15(N) [1]—an issue which our Supreme Court ultimately found it unnecessary to address in *Dayton Walther*. Although LaCrosse contends a complete new trial is necessary, the principal purported support for its contention derives from the language of two Illinois Appellate Court opinions, paraphrased in *Tabler*, which the *Tabler* Court considered in its

---

1. That Rule states, in part:

The Court shall direct final judgment to be entered or shall order the error corrected without a new trial unless such relief is shown to be impracticable or unfair to any of the parties or is otherwise improper; and if a new trial is required *it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair.*" (Emphasis added.)

review of other jurisdictions which have considered the partial new trial issue.[2]  See *DeFreezer v. Johnson,* (1967) 81 Ill.App.2d 344, 225 N.E.2d 46 (suggesting a new trial limited to damages is improper where liability is "hotly contested" and the evidence would support a verdict for either party); *Duncan v. Peoria Yellow Checker Cab Corp.,* (1977) 45 Ill.App.3d 653, 4 Ill.Dec. 290, 359 N.E.2d 1242 (suggesting a new trial is proper only when the evidence of liability is so clear that there is no issue on that point for a second jury to retry).  Significantly, however, the "test" enunciated in our opinion in *Tabler* was as follows:

> "These cases lead to the conclusion that a new trial limited to damages *because of an award of inadequate damages* is proper only when it is clear that the verdict on liability *was not the product of compromise.*  When liability is close *and other evidence indicates the jury may have compromised,* a new trial on damages alone is improper."  (Emphasis added.)

*State v. Tabler, supra* at 506.

In *Tabler,* the damages awarded the plaintiffs were clearly inadequate under the evidence presented, and for this reason the Court ordered a complete new trial.[3]  In that case, Judge Garrard reasoned:

> "The fact that the jury awarded damages unrelated to the evidence of damages *coupled* with the close question of liabili-

ty leads to the conclusion that they could not agree as to whose negligence caused the accident, but returned a verdict out of sympathy."  (Emphasis added.)

*State v. Tabler, supra* at 506–7.  By contrast, in the instant case there is no evidence of a verdict by compromise, nor has LaCrosse demonstrated a partial new trial would be impractical, unfair, or otherwise improper.  No argument has been made the damages of $25,000 awarded to Hundt were either inadequate or excessive.

Interestingly, even the Illinois cases cited above which appear to express the rule that a limited new trial is improper where liability is "hotly contested" or "close" do not, in fact, stand for that simple (and somewhat nebulous) proposition.  Both *DeFreezer v. Johnson, supra* and *Duncan v. Yellow Checker Cab Corp., supra* (as well as earlier Illinois opinions they cite) involved inadequate damage awards tending to suggest jury compromise.[4]  Thus, while it may be correctly stated that liability must be "unequivocally" established before a limited new trial is appropriate, Annot., *New Trial As To Damages Only,* 29 A.L.R.2d § 6 at 1209, (1953) we cannot conclude, as LaCrosse suggests, that such relief is improper merely because the jury arguably could have found in favor of either party, at least where it is clear the jury did not compromise in reaching its verdict on liability.

---

**2.**  Although LaCrosse also contends *Tabler* requires a complete new trial except where the liability issue is "free from doubt," "clear," and "uncontested," it is apparent this contention is based on a mistaken view of Pennsylvania case law.  The *Tabler* Court noted:

> "Pennsylvania draws a logical distinction between limited new trials for inadequate damages and those for excessive damages.  In the case of the former, the liability issue must be 'free from doubt,' 'clear' and 'uncontested,' whereas in the latter, liability need only have been 'fairly demonstrated.'"

*State v. Tabler, supra* at 505.  As we observed in our previous opinion, neither party to the instant appeal has contended the damages awarded were either excessive or inadequate.

**3.**  As noted in our earlier opinion, the *Tabler* case involved an action for damages arising from the collision of two trucks.  The estate of

one deceased plaintiff was awarded no damages, her nine-year-old son, who lost both legs as a result of severe burns, was awarded the equivalent of only $3.10 a day for his life expectancy, and the other driver—who suffered 85% disability, $12,000 in lost wages and who also incurred $31,000 in medical bills—received only $7,500 in his claim the accident was caused by a defective highway.

**4.**  In *DeFreezer,* the jury awarded only $532.39, the exact amount of special damages, despite additional evidence of serious disability, pain, and substantial and probable future medical expenses.  Similarly, in *Duncan,* the award was for $750, despite unchallenged evidence of medical expenses and lost wages totaling $2,908 and additional evidence of permanent disability.

## II.

*Construction of the Pre-Trial Order*

An additional issue raised by La-Crosse on rehearing is whether this Court improperly failed to defer to the trial court in construing its own pre-trial order. As noted in our earlier opinion, the trial court initially determined (during trial) that its order establishing negligence as the basis of the action was broad enough to permit evidence of pertinent safety regulations without any amendment by Hundt[5] and then later concluded, after LaCrosse filed its Motion to Correct Errors, that the order should have been read to exclude such evidence. LaCrosse argues this Court erred in reversing the trial court's grant of a new trial because

> "[t]he Trial Court in such circumstances is uniquely situated; it conducted the pre-trial conference; it entered the Pre-Trial Order; it knew what was meant by the Pre-Trial Order and it tried the case. Therefore, only the Trial Court can determine if evidence or theories are contained within the scope of the Pre-Trial Order."[6]

We agree with LaCrosse that, typically, the trial court's construction of its pre-trial orders is well-nigh conclusive, since that court fashioned the order itself and, obviously, is most aware of the course of trial and the parties' respective contentions. We cannot accept the further assertion, however, that "only" the trial court can interpret and apply its order, since it is apparent there are some circumstances in which the trial court has abused its discretion or is acting outside any special knowledge it may have. In the instant case, it is evident the trial court itself was uncertain what effect to give to its pre-trial order, since it initially concluded the safety regulations were within the order (thus making it unnecessary for Hundt even to seek an amendment) and then later determined they were outside the order's broad allegations of "negligence." Most significantly, LaCrosse has failed to suggest, even on appeal, how the "surprise" admission of such regulations specifically prejudiced its defense. *See* in this regard *Manbeck v. Ostrowski*, (D.C.Cir.1967), 384 F.2d 970, where the District of Columbia Court of Appeals reversed a trial court's refusal to amend a pre-trial order, concluding "adequate exploration must precede a finding that prejudice will be a consequence of the modification." *Id.* at 976. *See also* 6A Moore's Federal Practice ¶ 59.08[2] at 59–111 (1979) where it is concluded "[w]hen a party over a timely objection is permitted to introduce a defense or claim, which was not disclosed at the pretrial conference or in the pleadings, a new trial should be granted if the other party though duly diligent is actually *surprised and prejudiced.*" (Emphasis added.) In these circumstances, we believe this Court is not required to adopt

---

**5.** Alternatively, the trial court's admission of the evidence could be viewed as an amendment of the order.

**6.** Without explaining in its original brief or on rehearing the substance of its distinction, La-Crosse also argues it is "clear" the trial court's grant of a new trial would have been affirmed if this Court had reviewed merely for an "abuse of discretion" rather than applying the familiar three-prong test of examining the record to determine whether 1) there was an abuse of discretion; 2) a flagrant injustice has been done the appellant; or 3) the appellant has presented a very strong case for relief from the order granting a new trial. *See Hundt v. La-Crosse Grain Co., Inc., supra* at 693. Though we fail to find any substantial question for our review in such contention, we note (in contrast to the position taken by LaCrosse) the three-prong standard has not been limited to new trials granted *exclusively* under the so-called "thirteenth juror" rule. *E.g., Oliver v. Morrison*, (1982) Ind.App., 431 N.E.2d 140 (pet. reh. pending); *Griffith v. Mathew*, (1967) 141 Ind. App. 462, 229 N.E.2d 657. Additionally, La-Crosse is also incorrect in suggesting this Court should be following the "ruling" formulation of the three-prong test set out in *Barner v. Bayless*, (1893) 134 Ind. 600, 33 N.E. 907, since our Supreme Court on numerous more recent occasions has employed the same standard enunciated in our earlier opinion. *E.g., Nissen Trampoline Co. v. Terre Haute First Nat'l Bank*, (1976) 265 Ind. 457, 358 N.E.2d 974; *Memorial Hosp. v. Scott*, (1973) 261 Ind. 27, 300 N.E.2d 50.

without question the trial court's ultimate construction of its pre-trial order.

Petition denied.

CONOVER, J., and GARRARD, J. (sitting by designation), concur.