## ORIENT INSURANCE COMPANY *v.* KAPTUR.

[No. 21,882.    Filed June 1, 1911. . Rehearing denied October 5, 1911.]

1   APPEAL.—*Briefs.*—*Points.*—*Waiver.*—Alleged errors not presented in appellant's points in its brief are waived. p. 309.

2.   TRIAL. — *Instructions.* — *Credibility of Party.* — "*Should.*" — "*May.*"—An instruction that the jury "may" consider a party's interest in the case in determining the weight to be given to such party's testimony, instead of charging that they "should" consider such party's interest, is not prejudicial, where the party's testimony was not contradicted. p. 309.

3.   TRIAL.—*Instructions.*—*Credibility of Parties.*—*Who Included.*— An instruction, in an action by a wife, that the jury may consider the interest of the parties in determining their credibility, does not include the testimony of the husband, since he is not a party. p. 310.

4.   INSURANCE.—*Fraud.*—*Failure to Allege.*—*Instructions.*—In an action on an insurance policy providing if assured shall be guilty of any fraud or false swearing the policy shall be void, instructions as to fraud or false swearing were properly rejected, where there was no answer alleging fraud or false swearing. p. 310.

5.   INSURANCE.—*Arbitration.*—*Denial of Liability.*—A denial of liability on an insurance policy renders useless an application for arbitration as to the amount of the loss, the policy making a request for an arbitration a condition precedent to the maintenance of an action thereon. p. 310.

6.   INSURANCE.—*Adjustment.*—*Delay in Answering Letter.*—*Inability to Read.*—*Evidence.*—Evidence of the plaintiff's inability to read English is admissible in an insurance case to explain a delay in answering the company's letter, but not to excuse nonperformance of the contract. p. 311.

7.   APPEAL.—*Briefs.*—*Setting Out Questioned Evidence.*—Evidence objected· to will not be considered unless a concise statement thereof, together with the line and page of the transcript, is set out in appellant's brief. p. 311.

8.   INSURANCE.—*Evidence.*—*Refusal of Payment.*—An objection that the court improperly refused to permit defendant insurance company's agent to testify that the company never refused to pay anything on the claim is not well taken, where he testified that the company never refused to pay the loss but merely objected to the amount. p. 311.

9.   TRIAL.—*Instructions.*—*Inviting Error.*—*Appeal.*—A party has no right to complain of the giving of an alleged erroneous instruction, where such party asked that a similar instruction be given. p. 312.

From Lake Superior Court; *V. S. Reiter,* Judge.

Action by Magdalena Kaptur against the Orient Insurance Company. From a judgment on a verdict for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*D. J. Schuyler, D. J. Schuyler, Jr.,* and *L. L. Bomberger,* for appellant.

MORRIS, J.—Appellee sued appellant on a fire insurance policy. There was an answer of general denial. The cause was tried by a jury, resulting in a verdict for plaintiff. Defendant filed a motion for a new trial, which was overruled. Judgment for appellee. The errors assigned are the overruling of the motion for a new trial, and that appellee's amended complaint does not state facts sufficient to 1. constitute a cause of action. The latter is waived by failure to present it in the points in appellant's brief. *Baltimore, etc., R. Co.* v. *Evans* (1907), 169 Ind. 410.

Thirteen reasons were assigned in appellant's motion for a new trial. Those not waived will be considered in their order.

Appellant requested the trial court to instruct the jury as follows: "The court instructs the jury that while the law permits a party in interest to testify in his own be- 2. half, nevertheless the jury should, in weighing the evidence of the parties so testifying, and, in determining how much credence is to be given to the same, take into consideration the fact that such party is interested in the matter in controversy in the suit, and in the result of the suit." The court struck out the word "should" from said instruction, and substituted the word "may," and, as thus modified, gave it. Appellant maintains that this was erroneous, under the ruling in the case of *Southern R. Co.* v. *State* (1905), 165 Ind. 613.

Appellee did not testify to any fact controverted by appellant, and, therefore, so far as her testimony was concerned,

if erroneous, the instruction was harmless. Appellee's husband, however, testified to some matters about which there was a sharp controversy, and appellant contends that the evidence shows that the husband was acting as the wife's agent and was "a party in interest," that the instruction was applicable to his evidence, and for that reason should have been given. Instructions requested should be succinct and free from ambiguity. The husband was not a party to the record, and was not a real party in interest.

The policy in suit contains the following provision:

"This entire policy shall be void  * * *  in case of any fraud or false swearing by the insured touching any matter relating to this insurance, or the subject thereof, whether before or after a loss."

Appellant contends that in making the proof of loss, submitted by appellee to appellant after the fire, under the provisions of the policy, appellee was guilty of fraud and false swearing, and thereby forfeited her right to recover. Error is predicated on the court's refusing a number of appellant's requested instructions on this subject. Fraud is never presumed, and in order to entitle a party to relief, either at law or in equity, on that ground, it is necessary that the facts constituting the fraud be distinctly alleged in the pleadings, so that it may be put in issue, and evidence thereon given. *Ray* v. *Baker* (1905), 165 Ind. 74, and cases cited; *Bennett* v. *McIntire* (1889), 121 Ind. 231, 6 L. R. A. 736; 9 Ency. Pl. and Pr. 684.

Appellant's answer consisted solely of a general denial. There was no issue of fraud in the case, and consequently evidence of fraud was not relevant to the issues, and all instructions relating to this subject were correctly refused.

There is a provision in the policy that, in the event of disagreement as to the amount of loss, it shall be ascertained by two disinterested appraisers, and that no action shall be brought unless this requirement has been complied with.

The court instructed the jury that if it found from the evidence that defendant denied liability under the policy, and refused to pay plaintiff for her loss, then it was not necessary for plaintiff to demand or request an appraisement or arbitration before bringing suit. Appellant claims this instruction was erroneous. There was evidence given showing that, before suit was instituted, defendant, after proper notice of loss, denied all liability under the policy, and refused to pay anything. The instruction was proper. *Ohio Farmers Ins. Co.* v. *Vogel* (1906), 166 Ind. 239, 3 L. R. A. (N. S.) 966, 117 Am. St. 382, and cases cited.

Complaint is made that the lower court erred in admitting testimony to prove that appellee could not read nor write English, because such inability would not excuse her 6. from abiding by the terms of the policy. The evidence was not admitted by the court on that theory, but to explain delay with reference to a letter received by appellee from appellant in the absence of her husband. There was no error in this.

Appellant further contends that the court erred in admitting in evidence certain testimony of appellee's husband. Rule twenty-two of this court requires an appellant's 7. brief to contain "a concise statement of so much of the record as fully presents every error and exception relied on, referring to the pages and lines of the transcript." Appellant's counsel, in preparing their brief, have failed to comply with said provision of rule twenty-two, in respect to this alleged error, and for that reason the court cannot consider the point urged.

Appellant also claims that the court erred in refusing to permit defendant, on surrebuttal, to prove by Peter W. Meyer, its agent, that it never refused to pay anything 8. on the claim, but refused to pay for total loss. How important this point might be, if supported by the record, it is not necessary to consider, for the witness did testify, in surrebuttal, as shown by page 280 of the tran-

script, as follows: "We never refused to pay the loss. We only objected to the amount."

In the eighth point, under Propositions and Authorities, appellant claims that the court erred in instructing the jury by the second instruction, given on its own motion, 9. that the testimony of four or five witnesses to a fact might be outweighed by the testimony of one witness to the same fact, provided the one had the opportunity of knowing the facts testified to and had the appearance of truth and candor. Counsel say this was misleading, because the court did not present to the jury the element of knowledge or candor on the part of the four or five witnesses. The part of instruction two complained of was copied by the court from instruction nine, tendered by appellant and properly refused, by reason of other objectionable statements therein. Neither in instruction nine, nor in any other instruction tendered, did appellant seek to have the court present to the jury the alleged lacking element of knowledge or candor on the part of the four or five witnesses. If a party to an action succeeds in leading the trial court into error, he cannot be heard to complain of the success of his efforts. *Gordon* v. *Kaufman* (1909), 44 Ind. App. 603. There is no error in the record. Judgment affirmed.