**Ruth DeFreezer, Plaintiff-Appellant, v. Charles W. Johnson and Emma T. Johnson, Defendants-Appellees.**

Gen. No. 66-70.

Third District.

March 23, 1967.

Roger V. Pierson, and Fred W. Potter, of Princeton, for appellant.

Calhoun Phelps, of Princeton, for appellees.

STOUDER, P. J.

Plaintiff Appellant, Ruth DeFreezer commenced this action in the Circuit Court of Bureau County seeking damages for personal injuries resulting from the negligence of Defendants as the owner of business premises. Judgment was entered on the verdict of the jury for $532.39, the exact amount of the special damages proved. A motion by Plaintiff for a new trial limited to the issue of damages only and for a new trial generally was denied by the court and this appeal follows.

On October 31, 1962, Defendants were conducting a liquidation auction of their hardware business upon the premises in which they had previously conducted a retail hardware business. Plaintiff claims that a box had

been placed on the ground to enable purchasers to climb onto a platform and pay the cashier. She stepped on the box and it either tipped or broke causing her to fall.

Plaintiff contends that she is now entitled to a new trial either on damages only or on all issues because it can only be concluded from the amount of the verdict that the jury, having found liability against the Defendants, failed to consider and give effect to the damages sustained by Plaintiff. The instruction on damages given to the jury was the usual IPI Instruction which included the following elements of damage to be considered by the jury. One, the nature, extent and duration of the injury. Two, the disability resulting from the injury. Three, the pain and suffering experienced and reasonably certain to be experienced in the future, as a result of the injuries. Four, the reasonable expense of necessary medical care, treatment and services received and the present cash value of the reasonable expenses of medical care, treatment and services received in the future. Five, the reasonable expense of necessary help in her home, which has been required as a result of her injury. It is conceded by the parties that the verdict of the jury in the amount of $532.39 is for the exact amount of the special damages proved by Plaintiff with respect to medical, hospital and nursing expenses which Plaintiff incurred.

We have recently had occasion to consider this problem in Kelley v. Cross, 79 Ill App2d 342, 223 NE2d 555. Therein we discussed the applicable general principles and referred to many of the precedents relied upon by the parties in this case. In Cross we concluded the verdict of the jury for special damages only was supported by the evidence. However consistent with the authorities relied on in Cross, which we do not believe require restatement herein, we believe that a different result should be reached in the instant case.

Plaintiff testified that she recalls two distinct and painful blows at the time of the fall and that she was in considerable pain as she lay on the ground waiting the arrival of a physician. Drugs for pain were administered by the doctor, her intense pain continuing during her trip to the hospital in an ambulance. X-ray examinations were taken, revealing a fractured vertebra. Plaintiff was hospitalized for eight days. Treatment during her period of hospitalization consisted primarily of diathermy, sedation and bed rest. At the request of her physician she walked occasionally with the aid of a walker although she was unable to do so normally and such efforts were accompanied by pain and discomfort. When she returned home she slept on a felt mattress on the floor for three months and was able to get around only by crawling for the first three weeks. During the first two weeks she was home, Plaintiff's daughter, a registered nurse, aided Plaintiff. After three weeks she was able to pull herself up into a standing position and walk around with the support of a chair. After eight weeks Plaintiff, a housewife, was able to walk without support although she was unable to bend, stoop or stretch and was able to do only a portion of her housekeeping chores. Her condition has substantially improved although she still has periods of recurring pain requiring sedation and heat or diathermy treatment.

Dr. Berfield, the family and treating physician and the only medical witness, testified that he was called to the scene, administered a hypo for pain and after x rays diagnosed her condition as a vertical fracture of the spinous process of the second lumbar vertebra. He observed tenderness in the right hip area and in the lumbar region of her back with muscle spasms. His treatment consisted of diathermy, heat treatment, massage, sedation and bed rest. He advised the patient against any activities such as lifting or twisting which would put

347

pressure on the back, recommended that she sleep on a hard pallet on the floor and that she wear a stiff girdle. Although the doctor considered that the fracture had healed, he expressed the opinion that the associated damage to muscles and ligaments would cause trouble and recurring periods of pain which could probably be alleviated by heat or diathermy treatment. He also testified that an x-ray examination of Plaintiff's lower back revealed an abnormal congenital pelvic tilt which might contribute to patient's discomfort but that prior to the accident Plaintiff had made no complaint concerning back problems.

Viewing the evidence in the record in its aspects most favorable to Defendants we believe there is substantial evidence of serious disability, including pain, substantial and probable future medical expenses and accordingly we believe the jury's verdict in failing to reflect any such elements of damage is not supported by the evidence.

Although Plaintiff urges that a new trial be granted limited to the issue of damages only, we believe the trial court did not err in denying this part of Plaintiff's motion. If claim be made that damages are inadequate and that Plaintiff is entitled to a new trial on such issue only, the burden is upon the Plaintiff to show that such verdict was not a compromise of liability against damages. King v. City of Chicago, 53 Ill App 2d 484, 202 NE2d 839. The issues of Defendants' negligence and Plaintiff's due care are sharply contested issues. Both the evidence and the inferences to be drawn therefrom are conflicting and would have been sufficient to support a verdict for either party. Under such circumstances we conclude that the verdict might have been a compromise of liability against damages and accordingly Plaintiff is entitled only to a new trial generally.

For the foregoing reasons the judgment of the Circuit Court of Bureau County denying a new trial on damages only is affirmed and the judgment of said court denying a new trial generally is reversed and remanded with directions that Plaintiff be granted a new trial on all issues.

Judgment affirmed in part, reversed in part and remanded with directions.

ALLOY and CORYN, JJ., concur.