David McNALL, b/n/f Ralph McNall,
and Ralph McNall, Plaintiffs-Appel-
lants and Cross-Appellees,

v.

FARMERS INSURANCE GROUP,
Defendant-Appellee.

No. 3–476A97.

Court of Appeals of Indiana,
Third District.

Aug. 1, 1979.

Rehearing Denied Nov. 16, 1979.

Edward L. Murphy, Jr., Gilmore S. Haynie, Jr., Livingston, Dildine, Haynie & Yoder, Fort Wayne, for plaintiffs-appellants and cross-appellees.

John M. Clifton, Jr., Joseph A. Bruggeman, Barrett, Barrett & McNagny, Fort Wayne, for defendant-appellee.

GARRARD, Presiding Judge.

David McNall was severely injured when the motorcycle upon which he was riding was struck by a motorcycle driven by Rick Waterson, an unlicensed, uninsured minor. Ralph McNall, David's father and a cross appellee in this action, had been issued three insurance policies by Farmers Insurance Group (hereinafter Farmers Insurance), all containing uninsured motorist coverage. Farmers Insurance denied liability under the policies because the motorcycle ridden by David was not an insured vehicle under any of the policies and secondly because David was allegedly contributorily negligent. Along with denial of coverage and liability of the uninsured motorist, Farmers Insurance demanded that all claims under the policy be submitted to arbitration. The McNalls filed suit against Farmers Insurance to establish the existence of coverage, the status of Waterson as an uninsured motorist, his liability and the amount of damages. Farmers Insurance filed motions to dismiss and for an order compelling the McNalls to proceed with arbitration pursuant to the policies. The trial court overruled these motions and granted summary judgment in favor of the McNalls on the existence of coverage and found that Waterson was an uninsured motorist. The remaining issues of liability and damages were tried to a jury which found Waterson liable for the injuries sustained. It award-

ed Ralph $6,000 in damages and awarded David zero damages.

David and Farmers Insurance appealed raising the following issues:

1. Whether the court erred in denying Farmers Insurance's motion to compel arbitration.

2. Whether the verdict awarding no damages to David McNall was contrary to the evidence.

3. Whether the court correctly instructed the jury as to the standard of care of a child engaged in adult activities.

4. Whether the court correctly instructed the jury as to the doctrine of last clear chance.

5. Whether the court committed reversible error in allowing the jury to take the final instructions into the jury room during deliberations.

6. Whether the court erred in refusing to give Farmers Insurance offered instruction relating to the dollar limitation of the policies.

*Issue I:*

Farmers Insurance contends that under Indiana law and the specific provisions of the policies sued upon, the court erred in refusing to order the McNalls to pursue their claim against it in arbitration. The policies in question provide that "determination as to whether the insured is legally entitled to recover, and if so entitled the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement by arbitration."

The definitional section of the policy provides:

"4. Arbitration: If any insured making claim hereunder and the Company do not agree that such insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then either party, on written demand of the other, shall institute arbitration proceedings by serving upon the other a formal demand for arbitration.

\* \* \* \* \* \*

The arbitrator shall hear and determine the following:

1. The existence of the uninsured motorist,

2. The liability of the uninsured motorist to the insured.

3. The amount of the award within the terms and limits of the policy or policies applicable to the proceedings."

Farmers Insurance is correct in its assertion that such clauses are enforceable in this state. The Uniform Arbitration Act (IC 34–4–2–1 *et seq.*) provides for the validity of written agreements to arbitrate disputes existing or hereafter arising and further provides for legal proceedings to compel arbitration. Courts, however, cannot compel arbitration of matters which the parties have not agreed to arbitrate. The policies before us do not require that *all* disputes arising under them be settled by arbitration. Mandatory arbitration is required on three issues only:

1) The existence of an uninsured motorist;

2) the liability of the uninsured motorist to the insured;

3) the amount of damages.

The issue of whether the policies afforded David coverage in terms of their applicability is not included within the scope of mandatory arbitration. Hence, that issue may be decided by a court of law and not by an arbitrator. *Netherlands Insurance Co. v. Moore* (Fla.App.1966), 190 So.2d 191. The issue remains, however, as to whether the trial court properly retained jurisdiction over the controversy after deciding the issue of coverage or whether it was required to order arbitration of the issues of liability and damages.[1]

As noted above, the Uniform Arbitration Act provides for legal proceedings to com-

---

1. Farmers Insurance concedes that Waterson was an uninsured motorist.

pel arbitration. IC 34–4–2–3.[2] The applicability of these procedures is predicated upon the existence of an enforceable agreement to arbitrate. The trial court found that there were no issues subject to arbitration because the denial of policy coverage constituted a waiver of the arbitration agreement.

 A right to arbitration arising out of mutual agreement, like any other contractual right, may be waived, amended or altered. *Galion Iron Works & Mfg. Co. v. J. D. Adams Mfg. Co.* (7th Cir. 1942), 128 F.2d 411; *Manchester Fire Assurance Co. v. Koerner* (1895), 13 Ind.App. 372, 40 N.E. 1110. Such a waiver need not be in express terms. It may be implied by the acts, omissions or conduct of the insurer. *Bielski v.*

*Wolverine Ins. Co.* (1967), 379 Mich. 280, 150 N.W.2d 788. Although Indiana has not precisely dealt with the issue of whether denial of coverage constitutes a waiver of the arbitration provision, we have followed the general rule [3] that denial of liability under an insurance policy is a waiver of the right to demand performance of conditions precedent such as proof of loss,[4] proof of death,[5] written notice of loss,[6] and the submission of losses incurred to an appraiser.[7]

"The principle is old and thoroughly established that, when a party repudiates a contract and denies liability under it, the performance of conditions precedent, such as notice, demand, tender and the like, are waived on the ground that the law will not require a thing to be done which the party entitled has excused, or

2. "34–4–2–3 [3–230]. Proceedings to compel or stay arbitration.—(a) On application of a party showing an agreement described in section 1 [34–4–2–1] of this act, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Ten [10] days' notice in writing of the hearing of such application shall be served personally upon the party in default. If the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised without further pleading and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

(b) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Ten [10] days' notice in writing of the hearing of such application shall be served personally upon the party in default. Such an issue, when in substantial and bona fide dispute, shall be forthwith summarily determined without further pleadings and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

(c) If an issue referable to arbitration under the alleged agreement is involved in an action or proceeding pending in a court having jurisdiction to hear applications under subdivision (a) of this section, the application shall be made therein. Otherwise and subject to section 17 [34–4–2–17] of this act, the application may be made in any court of competent jurisdiction.

(d) Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this section or, if the issue is severable, the stay may be with respect thereto only. When the application is made in

such action or proceeding, the order for arbitration shall include such stay.

(e) An order for arbitration shall not be refused on the ground that the claim in issue lacks merit or bona fides or because any fault or grounds for the claim sought to be arbitrated have not been shown.

(f) If the court determines that there are other issues between the parties which are not subject to arbitration and which are the subject of a pending action or special proceeding between the parties and that a determination of such issues is likely to make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies.

(g) On application the court may stay an arbitration proceeding on a showing that the method of appointment of arbitrators is likely to or has resulted in the appointment of a majority of arbitrators who are partial or biased in some relevant respect. The court shall then appoint one or more arbitrators as provided in section 4 [34–4–2–4]. [Acts 1969, ch. 340, § 3, p. 1429.]"

3. *See* 44 Am.Jur.2d § 1714, p. 626; Couch on Insurance Law 2d § 50.108, p. 408.

4. *Ohio Farmers Ins. Co. v. Vogel* (1906), 166 Ind. 239, 76 N.E. 977.

5. *Globe Life Ins. Co. v. Miller* (1932), 94 Ind. App. 289, 180 N.E. 689.

6. *United States Insurance Co. v. Clark* (1908), 41 Ind.App. 345, 83 N.E. 760.

7. *Orient Insurance Co. v. Kaptur* (1911), 176 Ind. 308, 95 N.E. 230.

given notice that it will be unavailing. This principle applies to insurance as well as other contracts." *Ohio Farmers Ins. Co. v. Vogel* (1906), 166 Ind. 239, 243, 76 N.E. 977, 978.

In *Orient Insurance Co. v. Kaptur* (1911), 176 Ind. 308, 95 N.E. 230, our Supreme Court refused to allow an insurance company to avoid liability under a fire insurance policy on the basis that the insured had not satisfied the policy condition of having the alleged loss appraised by two qualified appraisers. · The Court held that the jury was properly instructed that if the insurer had denied liability under the policy, the insured was not required to demand or request an appraisement or arbitration.

Other jurisdictions have explicitly held that denial of coverage amounts to a waiver of the arbitration provision in its entirety if the denial persists until after suit is brought to establish coverage. In *American Southern Insurance Co. v. Daniel* (Fla. App.1967), 198 So.2d 850, the insurer denied coverage until the insured initiated an action to have coverage declared to exist and for a determination as to liability and damages. In response to the complaint, the insurer, admitting coverage for the first time, demanded arbitration of the remaining issues. The court denied the motion stating, " . . . unless the insurance company admits coverage it can always be denied the right of arbitration by the insured filing suit for a declaratory decree on the question of coverage, thereby vesting in the court the right to have all the issues settled, including the jury trial. . . . [I]n view of the fact that coverage was denied until after suit had been instituted, it would appear to us that the letter of denial of coverage was sufficient to constitute a waiver of the insurance company's right to arbitration . . .." 198 So.2d at 852, 853.

In *Schleif v. Hardware Dealers Mutual Fire Ins.* (1966), 218 Tenn. 489, 404 S.W.2d 490, it was held that denial of coverage under the uninsured motorist provision of a policy constituted a waiver of the right to arbitrate.

"While we do not say that under other circumstances arbitration would not be proper, we do say that the courts of this State are as well qualified as any arbitrator to settle the dispute where the defendant refused to negotiate any responsibility under this portion of the policy." 404 S.W.2d at 493.

The right of arbitration was not waived where the insurance company had admitted liability several years before trial in *Niazi v. St. Paul Mercury Insurance Co.* (1963), 265 Minn. 222, 121 N.W.2d 349. The policyholder had been awarded summary judgment on the issue of coverage and two years later filed suit to determine the amount of damages. Since the insurer had admitted coverage before this later suit was filed, the court granted an order to compel arbitration. The court stated, however,

"If the denial of liability had continued until the present action in district court had been instituted by relators [the insured] a different case would have been presented." 121 N.W.2d 349 at 355.

There are sound policy reasons for holding that a denial of coverage persisting until an action is brought to determine coverage constitutes a waiver of the right of arbitration. To hold otherwise would force the insured to undergo two different proceedings; a legal action to determine coverage and an arbitration proceeding on the remaining issues. The policies behind encouraging arbitration of disputes are to provide a more efficient and less expensive method of conflict resolution and to alleviate some pressure from crowded court dockets. To force the insured to undergo both proceedings serves neither of these policies. For these reasons, we hold that where an insurer denies coverage under the policy until after suit is brought to determine coverage, the right to compel arbitration on issues subject to arbitration pursuant to the policy is waived.

*Issue II:*

■ Appellant David McNall challenges the verdict awarding him no damages as being totally inadequate and contrary to

the evidence. Indiana courts have set a strict standard of review for appeals predicated upon the excessiveness or insufficiency of awarded damages. A verdict will only be reversed when it is apparent from a review of the evidence concerning the injuries that the amount of damages assessed by the jury is so small or so great as to indicate that the jury was motivated by prejudice, passion, partiality or corruption or considered some improper element. *Henschen v. New York Central R.R. Co.* (1945), 223 Ind. 393, 60 N.E.2d 738; *Walker v. Jennings* (1975), 164 Ind.App. 554, 330 N.E.2d 134; *Wynder v. Lonergan* (1972), 153 Ind.App. 92, 286 N.E.2d 413; *Green v. Oakley* (1969), 145 Ind.App. 307, 250 N.E.2d 594. Where the evidence presented is conflicting as to the nature, extent, and source of the injury, the jury is in the best position to assess damages. In such cases, the verdict returned by the jury cannot be said to be based upon prejudice, passion, partiality or corruption or on the consideration of some improper element. *Shutz v. Rose* (1964), 136 Ind.App. 165, 196 N.E.2d 285; *Galbraith v. Leininger* (1975), Ind.App., 326 N.E.2d 634; *Wickizer v. Medley* (1976), Ind. App., 348 N.E.2d 96.

■ Where the trier of fact has found in favor of the plaintiff on the issue of liability, and the evidence relating to injury is uncontroverted and establishes a substantial injury proximately caused by the defendant's negligence, an assessment of damages inconsistent with the uncontroverted evidence is improper and will be reversed. As was stated in *Thompson v. Town of Fort Branch* (1931), 204 Ind. 152, 178 N.E. 440:

> "It is not necessary either that appellant show, or that this court determine, the exact cause or nature of the error in assessment of the amount of recovery. Error in assessment is established if, as in the present case, it clearly appears from uncontradicted evidence that the amount of the verdict bears no reasonable relation to the loss suffered by the plaintiff."
> 178 N.E. at 444.

■ The evidence presented by David McNall relating to his injuries was uncontradicted. The two treating physicians testified that David had suffered a severe compound comminuted fracture of the lower left leg; that his left leg is now 1½ inches shorter than his right requiring him to wear a built-up shoe for the remainder of his life, that his left leg is crooked, that both legs are scarred due to numerous skin grafts, and that he suffered from a bone infection that could possibly recur. The union of the bones is tenuous and subject to refracture, as occurred shortly before trial. David and his mother testified that the leg tires quickly and is subject to swelling, making it difficult for David to stand or walk for any length of time. It is clear from this uncontradicted evidence that the award of zero damages is inadequate since it bears no reasonable relationship to the substantial and permanent loss suffered by David.

David McNall requests that if a new trial is granted, it be limited to the issues of damages. The Indiana Rules of Procedure, Appellate Rule 15(N) provides that the court may order "In the case of excessive or inadequate damages, entry of final judgment on the evidence for the amount of the proper damages, a new trial, or a new trial subject to additur or remittitur . . . . [I]f a new trial is required it shall be limited only to those parties and issues affected by the error unless such relief is shown to be impracticable or unfair."

The Supreme Court of the United States has recognized the power of courts to grant a new trial on a single issue but has cautioned:

> "Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice [citations omitted]. Here the question of damages on the counterclaim is so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncer-

tainty, which would amount to a denial of a fair trial." *Gasoline Products Co. v. Champlin Refining Co.* (1931), 293 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188. See also *Borowski v. Rupert* (1972), 152 Ind.App. 9, 281 N.E.2d 502.

■ Where a new trial must be had because of inadequate assessment of damages, it is often true that the inadequacy is a result of compromise by the trier of fact on the question of liability. In such cases, it is unjust to order a limited new trial since the issue of liability has not been fairly determined. In *State et al. v. Tabler et al.* (1978), Ind.App., 381 N.E.2d 502, this court held:

"[A] new trial limited to damages because of an award of inadequate damages is proper only when it is clear that the verdict on liability is not the product of compromise. When liability is close and other evidence indicates the jury may have compromised, a new trial on damages alone is improper."

■ After reviewing the evidence, we conclude that the grant of a new trial on the issue of damages alone would be improper since the issue of liability was hotly contested and the evidence would have supported a verdict for either the plaintiffs or the defendants. David testified that on the evening of the accident he, Rick Waterson and Ron Lahr had made arrangements to meet each other in front of the Smith residence on Shoaff Road. David was sitting motionless on his motorcycle, 6–8 inches off Shoaff Road, waiting for his friends to arrive. The motorcycle was facing west but David was turned to the east, the direction in which he expected the others to arrive. David saw Waterson approach him at a high rate of speed and immediately thereafter the brake pedal on Waterson's motorcycle struck David's left leg causing the injuries outlined previously. Waterson, on the other hand, testified that he was traveling at 30 mph and that when he came upon David, David was attempting a U-turn in the middle of Shoaff Road. Waterson swerved to avoid the collision but was unable to do so. There was evidence introduced that David was located on the "downside" of a hill and a driver could not possibly see one in this position until cresting the hill, making it impossible to avoid a collision. The McNalls introduced evidence which tended to show that the topography of the road did not interfere with the view. Witnesses, who arrived on the scene immediately after the accident, testified that David and his motorcycle were lying in the center of Shoaff Road. As was the case in *Tabler, supra,* the evidence supports both theories of the cause of the accident. The fact that the jury awarded no damages when the evidence conclusively showed substantial damages while finding Waterson negligent leads to the conclusion that the jury was unable to determine who caused the accident and arrived at this verdict by way of compromise. A new trial on the issues of liability and damages must be ordered.

*Issue III:*

■ Farmers Insurance questions the court's instruction on the standard of care required of the uninsured motorist. The court's instruction stated:

"Negligence is the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the doing of something which a reasonably careful and prudent person would not have done under the same or like circumstances; in other words, negligence is the failure to exercise reasonable or ordinary care.

A minor who is not old enough to be licensed as the operator of a motorcycle who causes injury while engaged in operating a motorcycle is held to the standard of care of a reasonably prudent person who is eligible and is qualified to be so licensed, and not the standard of care that would be exercised by children of like age, knowledge, judgment and experience under similar circumstances."

Farmers Insurance contends that the conduct of the 15 year old uninsured motorist must be judged by reference to the care exercised by children of like age, knowl-

edge, judgment and experience, regardless of the type of activity engaged in by the child.

In *Bixenman v. Hall* (1968), 251 Ind. 527, 532, 242 N.E.2d 837, 839, our Supreme Court recognized that:

"Indiana long ago adopted the rule that in negligence cases, the standard of care applicable to a child engaged in the type of activity characteristically engaged in by children is that degree of care that would ordinarily be exercised by children of like age, knowledge, judgment and experience under similar circumstances. *Tabor v. Continental Baking Co.* (1941), 110 Ind.App. 633, 38 N.E.2d 257; *Town of Argos v. Harley* (1943), 114 Ind.App. 290, 49 N.E.2d 552."

The Court also recognized and gave its unqualified approval to the growing trend to hold children who engage in activities for which adult qualifications are required, such as operating a motor vehicle on a public highway, to the same standard of care required of an adult; the degree of care exercised by a reasonable, prudent man in like or similar circumstances. *Bixenman, supra.* *See also Dellwo v. Pearson* (1961), 259 Minn. 452, 107 N.W.2d 859; *Dawson v. Hoffmann* (1963), 43 Ill.App.2d 17, 192 N.E.2d 695; Restatement (Second) Torts § 283(A), Comment C (1965). The operation of a motorcycle on public roads is an activity requiring adult qualifications. Indiana requires that a prospective driver be at least 16 years of age and meet certain qualifications before being licensed. The licensing qualifications are the same whether the applicant is 16 or 50. Rick Waterson was engaged in an activity requiring adult qualifications and, therefore, must be held to the same standard of care as an adult. *Bixenman, supra.* The court correctly instructed the jury as to the standard of care required.

*Issue IV:*

Farmers Insurance protests the court's last clear chance instruction. The portion of the instruction objected to stated that "David McNall was in a position from which he *could not* extricate himself." (emphasis supplied) Farmers Insurance argues that an essential element of the doctrine requires that the plaintiff must have *attempted* to extricate himself from the position of peril. The instruction given correctly states the doctrine of last clear chance. The doctrine requires that "the plaintiff must, if possible, extricate himself from his position of peril. . . . It applies when the plaintiff negligently places himself in a place of danger from which he cannot extricate himself after he becomes aware of the danger or where he could have extricated himself if he had known of the danger, but failed to do so because he was unconscious of the peril." *Stallings v. Dick* (1965), 139 Ind.App. 118, 210 N.E.2d 82 at 94, 95; *see also Bayne v. Turner* (1968), 142 Ind.App. 580, 236 N.E.2d 503. There is no requirement that the plaintiff must have attempted to extricate himself. The requirement is that he must be unable to do so. *McKeown v. Calusa* (1977), Ind.App., 359 N.E.2d 550.

*Issue V:*

Farmers Insurance also complains that the court erred in permitting the jury to take the final instructions into the jury room during deliberations. It is true, of course, that our rules of procedure do not provide for sending instructions to the jury room. However, Farmers Insurance has not shown that it was unduly prejudiced by the court's action or, that in light of all attendant circumstances, such action was an abuse of judicial discretion. *Martin, supra.* The trial court fulfilled the crucial requirement that the instructions be read in open court in the presence of the parties and their attorneys; hence any error that was committed was harmless. *Jameison v. State* (1978), Ind., 377 N.E.2d 404.

*Issue VI:*

The last error assigned by Farmers Insurance is that the court erred in refusing to give its tendered instruction relating to the

liability limits of the insurance policies. The court did instruct the jury on the maximum coverage of the policies in question, so no error is available. It is not error to refuse an instruction the substance of which is adequately covered by an instruction given. *Woodard v. State* (1977), Ind., 366 N.E.2d 1160; *Martin v. State* (1973), 260 Ind. 490, 296 N.E.2d 793; *Sargeant v. State* (1970), 255 Ind. 252, 263 N.E.2d 525.

Reversed and remanded for further proceedings consistent with the views expressed herein.

HOFFMAN and STATON, JJ., concur.