**James EGYHAZI, Appellee-Plaintiff,**

v.

**James P. KERTESZ,**
**Appellant-Defendant.**

**No. 3–1080A315.**

Court of Appeals of Indiana,
Fourth District.

April 27, 1981.

Vincent P. Campiti, May, Oberfell, Helling, Lorber, Campiti & Konopa, South Bend, for appellant-defendant.

Richard W. Morgan, Thornburg, McGill, Deahl, Harman, Carey & Murray, South Bend, for appellee-plaintiff.

CHIPMAN, Judge.

This appeal arises out of a personal injury action brought by plaintiff-appellee James Egyhazi against defendant-appellant James Kertesz. The parties were involved in an automobile-motorcycle collision. Originally, a jury found in favor of the defendant and judgment was entered accordingly. However, the trial court subsequently granted plaintiff Egyhazi's motion for a new trial. Defendant Kertesz now appeals. We find the trial court failed to comply with the requirements of Ind. Rules of Procedure, Trial Rule 59(I)(7) when granting a new trial in this case.

Remanded.

The accident in the present case occurred at the intersection of Lincolnway West and Iowa Street in South Bend, Indiana. Lincolnway, the preferred roadway, is a four-laned highway running generally in an east-west direction at the intersection. Iowa Street is a two-laned road running in a generally north-south direction. The northbound lane of traffic on Iowa Street is controlled by a stop sign located at the southeast corner of the intersection.

The evidence shows that at approximately 9:30 p. m. on October 25, 1977, plaintiff Egyhazi was on his motorcycle traveling in the westbound passing lane of Lincolnway West. Defendant Kertesz was headed north on Iowa Street. After stopping at the stop sign for northbound traffic, Kertesz proceeded through the intersection but failed to see Egyhazi approaching from the east. Plaintiff's motorcycle struck the right rear side of defendant Kertesz's automobile as Kertesz was proceeding north across the westbound lanes of Lincolnway.

In his complaint Egyhazi claimed Kertesz negligently failed to yield the right of way. The defendant countered by alleging plaintiff was contributorily negligent in failing to avoid the collision. On May 22, 1980, a jury returned a verdict for the defendant. Subsequently the trial court granted plaintiff Egyhazi's request for a new trial. The following entry appears in the record:

"Parties present by their respective counsel and hearing is had on plaintiff's motion to correct errors. The Court finds that the jury's verdict was against the responderance [sic] of the evidence and the Court finds that there was sufficient evidence showing negligence of the defendant and finds no tenable basis in the evidence upon which to imput [sic] contributory negligence to the plaintiff to support the verdict reached by the jury. Motion for new trial is therefore granted."

A trial court's authority to grant a new trial or to enter judgment notwithstanding a verdict is circumscribed by the provisions of Trial Rule 59(I)(7). If the trial court, sitting as a "thirteenth juror," finds a jury verdict to be against the weight of the evidence, the rule states the court "*shall grant a new trial.*" If, however, the trial court finds a verdict to be clearly erroneous or not supported by the evidence the trial court "*shall enter judgment*" notwithstanding the verdict unless such a disposition would be "impracticable or unfair to any of the parties or . . . otherwise improper."

If a new trial is granted, T.R. 59(I)(7) directs the trial court to make special findings of fact, to set forth supporting and opposing evidence on each issue when the verdict is against the weight of the evidence, and to explain why judgment is not entered when the verdict is clearly erroneous as contrary to or not supported by the evidence:

"When a new trial is granted because the verdict, findings or judgment do not accord with the evidence, the court shall make special findings of fact upon each material issue or element of the claim or defense upon which a new trial is granted. Such finding shall indicate whether the decision is against the weight of the evidence or whether it is clearly erroneous as contrary to or not supported by the evidence; if the decision is found to be against the weight of the evidence, the findings shall relate the supporting and opposing evidence to each issue upon which a new trial is granted; if the decision is found to be clearly erroneous as contrary to or not supported by the evidence, the findings shall show why judgment was not entered upon the evidence."

In *Nissen Trampoline Company v. Terre Haute First National Bank* (1976) 265 Ind. 457, 358 N.E.2d 974, our Supreme Court spoke of the procedural requirements for the lawful grant of a new trial as "paramount." 358 N.E.2d at 978. Justice De-Bruler wrote:

"The purpose of authorizing the trial judge to grant a new trial, when the judge considers the verdict to be against the weight of the evidence, is to erase the occasional unsupportable jury verdict. It is to supplant that which is irrational with something that is rational. An order of court can fulfill this extraordinary and extreme function only if it is based upon a complete analysis of the relevant facts and applicable law, and sets out on paper the constituent parts of that analysis. It is compliance with the arduous and time-consuming requirements of the Rule which provides assurance to the parties and the courts that the judge's evaluation of the evidence is better than the evaluation of the jury."

*Id.* In the present case the trial court granted a new trial but made no special findings of fact as required by the rule. Nor did the trial court's entry relate supporting and opposing evidence on the issues reserved for a new trial. From the trial court's statement, "the Court finds . . . no tenable basis in the evidence upon which to impute contributory negligence to the plaintiff," we infer the trial court found insufficient evidence on the issue of contributory negligence, yet chose not to preclude relitigation of that issue. In such a case it was incumbent upon the trial court to explain why judgment on the evidence was not entered as to the issue of the plaintiff's negligence.

In short, the trial court failed to comply with the mandatory provisions of our trial rules which govern the granting of a new trial. There is, however, no indication that the trial court's order cannot be corrected after a remand. This cause is therefore remanded to the trial court with instructions that the court's order of July 25, 1980 be revised so as to comply with T.R. 59(I)(7). The record of the proceedings is then to be resubmitted to this Court for further disposition; parties may request leave to file additional briefs with this Court at that time.

MILLER, J., and YOUNG, P. J., concur.