INTEGRITY INSURANCE COMPANY, Appellant (Defendant Below),

v.

Russell D. LINDSEY and Joanna Lindsey, Appellees (Plaintiffs Below),

v.

NATIONAL CLAIMS SERVICE, INC., Appellee (Defendant Below).

No. 1–782A196.

Court of Appeals of Indiana, First District.

Jan. 27, 1983.
Rehearing Denied March 1, 1983.

C. Wendell Martin, Robert L. Hartley, Jr., Edward R. Hannon, Martin & Hartley, Indianapolis, for appellant.

David F. McNamar, Michael R. Franceschini, Steers, Sullivan, McNamar & Rogers, Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

Integrity Insurance Company (Integrity) brings this interlocutory appeal from a denial of a motion for summary judgment by the Hancock Superior Court.

We affirm.

The instant claim arose from a fire at Russell and Joanna Lindseys' (Lindseys) mobile home on December 22, 1980. Integrity issued the Lindseys' homeowner's policy which was in effect at the time of the fire. The policy contained a provision requiring the insured to submit, in writing, a sworn proof of loss statement prior to any settlement on a claim. Another provision required that in the event the insured claims waiver of the required proof of loss statement, the insured must notify Integrity at its home office, in writing, that he alleges and intends to rely upon such waiver. Integrity then had not later than 30 days after receipt of the proof of loss, or in the alternative, if waiver of proof of loss is claimed, then 30 days after receipt of the written notice of waiver in which to demand an appraisal.

On February 25, 1981, the Lindseys filed suit against Integrity, seeking to litigate the amount of their loss. On April 10, 1981, Integrity named an appraiser, pursuant to the policy, and demanded that the Lindseys do likewise. The Lindseys refused to name an appraiser or comply with the appraisal provisions of the policy. On January 13, 1982, Integrity filed a motion for summary judgment and on July 14, 1982, the trial court overruled said motion. Integrity maintains that the Lindseys are barred from litigating their claim because they failed to comply with the policy provisions set forth as conditions precedent to filing suit. The Lindseys argue that Integrity waived the required policy provisions and consequently, that the trial court was correct in overruling Integrity's motion for summary judgment.

In reviewing a summary judgment motion, we must determine whether

there is any genuine issue of material fact, and whether the law was correctly applied. *Hale v. Peabody Coal Company,* (1976) 168 Ind.App. 336, 343 N.E.2d 316. The moving party has the burden of establishing that no material facts are in genuine issue. All doubts and inferences are resolved in favor of the non-moving party. *Smith v. P & B Corp.,* (1979) Ind.App., 386 N.E.2d 1232. Accordingly, the products of discovery are liberally construed in the non-moving party's favor. *Podgorny v. Great Central Insurance Co.,* (1974) 160 Ind.App. 244, 311 N.E.2d 640. A fact is material if its resolution is dispositive of either the action or a relevant secondary issue. *Lee v. Weston,* (1980) Ind.App., 402 N.E.2d 23. A factual issue is genuine if it cannot be foreclosed by reference to undisputed facts and requires a trier of fact to resolve the opposing parties' differing versions. *Stuteville v. Downing,* (1979) Ind.App., 391 N.E.2d 629. If there is any genuine issue for the trier of fact, the court must overrule the motion. In applying these rules, the court may not weigh the evidence nor resolve disputes as to different inferences that could be drawn from undisputed facts. *Id.* The standard of review applied by us is the same as that of the trial court; summary judgment is proper only when the moving party is entitled to judgment as a matter of law. *Enderle v. Sharman,* (1981) Ind.App., 422 N.E.2d 686.

■ After reviewing the briefs and record, it is apparent that a factual dispute exists concerning waiver of pre-trial conditions. The Lindseys admit that they failed to give Integrity a written proof of loss statement as well as a notice of alleged waiver. Requirements such as written notice and verified proofs of loss are valid and enforceable, however, they are also easily waived. *Huff v. Travelers Indem. Co.,* (1977) 266 Ind. 414, 363 N.E.2d 985. Where the insurer or its agents have formed a relationship with the insured or acted towards him in such a way as to cause the insured to reasonably believe written notice and formal proofs of loss will not be required, the insurer will not be permitted to raise such matters as a defense. *Id.*

On December 22, 1980, the day of the fire, Mr. Lindsey called Yanan and Associates (Yanan) to inform them of the fire and ask what he should do. Yanan was the representative of Integrity named in the policy. Mr. Donavan advised Mr. Lindsey to call National Claims Service (National) and additionally, to inform his mortgagee about the fire. National told Mr. Lindsey that they would send someone out the next morning, however, that night Mr. Forshee from National came to the house. Mr. Lindsey asked Mr. Forshee what to do and Mr. Forshee told him to remove anything of value from the house.

During the next couple of months, Mr. Lindsey negotiated with Integrity, or its representative, trying to settle the claim, however, no agreement was reached. On February 4, 1981, David McNamar wrote Integrity and advised them that unless the claim was settled within the next ten days, a lawsuit would be filed. On February 9, 1981, Integrity made a written offer in the amount of $8,458.52.

The facts show that Integrity engaged in negotiations with the Lindseys for several months without requesting a written proof of loss or expressing dissatisfaction with the lack of formal proof. In addition, Integrity's tender of a written offer of settlement suggests that the written proof of loss statement was waived. Clearly, a factual issue exists concerning waiver of the proof of loss requirement.

■ The Lindseys also failed to respond to Integrity's demand for appraisal. Although Indiana has not specifically held that a right to appraisal may be waived, it has held that a right to arbitration arising out of mutual agreement may be waived, amended, or altered. *McNall v. Farmers Insurance Group,* (1979) Ind.App., 392 N.E.2d 520. The right to appraisal, as well as the notice of waiver requirement, are similar to arbitration rights in that they are all contract rights. As such, they, like any other contract right, may be waived, amended or altered. *Parrish v. Terre Haute Sav. Bank,* (1982) Ind.App., 431 N.E.2d 132. Once a contract condition has

been waived and the waiver has been acted upon, the failure to perform the condition cannot be the basis for breach of the contract. *Id.* Furthermore, waiver may be implied by the acts, omissions or conduct of one of the parties to the contract. *See McNall, supra* at 523. Here again, issues of material fact exist concerning waiver of pre-trial conditions. The trial court was correct in overruling Integrity's motion for summary judgment.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.