STATE of Indiana and the Indiana State Highway Commission, Defendants-Appellants,

v.

Loretta KALLEMBACH, Plaintiff-Appellee,

Richard Wayne Abney, Plaintiff.

No. 1–283A36.

Court of Appeals of Indiana, First District.

Aug. 23, 1983.

Rehearing Denied Sept. 22, 1983.

Linley E. Pearson, Atty. Gen., Robert S. Spear, Chief Counsel-Litigation, Bruce L. Kamplain, Deputy Atty. Gen., Indianapolis, for defendants-appellants.

Thomas J. Lantz, Montgomery, Elsner & Pardieck, Seymour, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendants-appellants State of Indiana and the Indiana State Highway Commission (State) appeal from an order of the Washington Circuit Court granting plaintiff-appellee [1] Loretta Kallembach (Loretta) a new trial [2] limited to the issues of Loretta's con-

---

1. In lieu of a new trial, the trial court granted, in the alternative, the State the right to consent to an additur of $225,000 from the jury award of $100,000 to Loretta upon the State's filing a written consent thereto within 30 days. However, the State did not consent to the additur, and therefore only challenges the propriety of the trial court's grant of a limited new trial.

2. The jury returned a verdict in favor of Richard Wayne Abney, Loretta's son, in the sum of $10,000, which amount the State paid. Richard is not a party to this appeal.

tributory negligence and damages as a result of a one car accident.

We reverse and remand for a new trial on all issues.

## STATEMENT OF THE FACTS

On June 14, 1980, Loretta, with her two children,[3] drove her ex-husband's 1979 four-wheel drive Ford pickup truck south on U.S. 31, intending to go to a donut shop in Scottsburg, Indiana. Loretta testified that it was a "pretty sunshiny day," and then she described the accident as follows:

> "We got in the truck, going down those steps oh there was to me—and we got in the truck and I was going down the road and I was going through that straight stretch and all at once I felt a bump and the truck went down on the right side and then I had the feeling like I was going like this, seeing the sky and that's all I can remember."

The evidence also disclosed that Loretta was familiar with U.S. 31, having driven the route once a week. She further testified that she was driving between 40 and 45 m.p.h. in a 50 to 55 m.p.h. zone just before the accident occurred. Evidently, Loretta lost control of the truck and drove it off of the driving surface of the road along a straight stretch, and into a gutter which was next to the side of the road. The truck then veered toward a ravine and flipped over. Apparently, there was not much traffic on the road at the time of the accident.

Loretta was 33 years old when the accident happened, and she was employed at U.S. Shoe Corporation in Crothersville, Indiana, earning five dollars an hour on a forty hour week as a heel buffer. As a result of her injuries, Loretta underwent numerous surgical operations and extensive hospitalizations. Without detailing all of her injuries, the evidence shows that Loretta will remain a paraplegic for the rest of her life, having a life expectancy of more than 44 years.

At the time of trial, she had lost over $25,000 in income. Loretta's medical expenses before trial were in excess of $49,-000, and she still required between $25,000 and $30,000 more facial reconstructive surgery. The jury found for Loretta and against the State, and assessed her damages in the sum of $100,000.

## ISSUES

The State presents two issues for review:

I. Whether the trial court erred in granting a new trial when the jury verdict was within the evidence; and

II. Whether the trial court erred in limiting the new trial to the issues of Loretta's contributory negligence and damages.

## DISCUSSION AND DECISION

As both issues are interrelated, we shall discuss them together. The State first argues the trial court erred in finding that Loretta should be granted an additur from $100,000 to $225,000 because the jury's verdict was within the evidence adduced at trial. The State further contends that Ind. Rules of Procedure, Trial Rule 59 is not an invitation to trial courts to assess credibility or weigh the evidence as the court did here.

The most cursory examination of the evidence on damages indicates to us that the jury's award is inadequate. The uncontroverted evidence shows that Loretta's future loss of earnings alone, assuming she would retire at age 65, amounts to $332,800. Her actual lost income from the date of the accident until the time of trial was more than $25,000. Her medical expenses were over $49,000, and further required surgery would cost nearly $30,000. Last,[4] but surely the most damaging, is Loretta's permanent paraplegia which means that she will be restricted to a wheel chair for the rest of

---

3. Loretta's other child evidently did not incur any damages as she was never a party to this or a separate lawsuit.

4. As we mentioned under our Statement of the Facts, Loretta also suffers from a myriad of other injuries as a result of the accident. However, we have outlined only the most outstanding evidence of her damages.

her life. Her total damages far exceed the jury award of $100,000.

■ In Indiana, a new trial is proper when the damages awarded are so small as to indicate that the jury was motivated by passion, partiality, corruption or considered some improper element. *State v. Tabler,* (1978), 178 Ind.App. 31, 381 N.E.2d 502, *trans. den.* (1979) Ind., 395 N.E.2d 787.

■ The trial court's finding that the damages were inadequate was correct; however, such a finding does not in and of itself permit a trial court to grant a limited new trial. In *Tabler, supra,* at 505–6, Judge Garrard thoroughly discussed the propriety of a limited new trial as follows:

"On the other hand, having correctly determined that the damages are inadequate does not necessarily mean that a trial court may properly grant a new trial on damages alone. Indiana Rules of Procedure, Trial Rule 59(E)(5) has been interpreted in *Borowski v. Rupert* (1972), 152 Ind.App. 9, 281 N.E.2d 502 to permit the trial court to grant a new trial limited solely to the issue of damages or, alternatively, additur. However, the court warned that a new trial on a single issue is proper only when:

'... it clearly appears that the issue to be retried is so distinct and separable from the others that a trial on it alone may be had without injustice.' 281 N.E.2d 502, 506.

This constraint is particularly appropriate when inadequate damages are involved since they may be conclusive proof that the jury has compromised its verdict. *F & B Livery Co. v. Indianapolis Traction & Terminal Co.* (1919), 71 Ind.App. 203, 124 N.E. 493.

Prior Indiana decisions articulate no specific standard by which the propriety of granting a new trial limited to damages because of an inadequate verdict is to be judged. Other jurisdictions, however, have done so and appear to have considered the concerns expressed in *Borowski* and *F & B Livery Co.*

When the issue of liability is hotly contested and the evidence and inferences are conflicting and might have supported a verdict either for the plaintiff or the defendant, a grant of a new trial limited to damages is improper. *DeFreezer v. Johnson* (1967), 81 Ill.App.2d 344, 225 N.E.2d 46. Or, as stated in *Duncan v. Peoria Yellow Checker Cab Corp.* (1977), 45 Ill.App.3d 653, 4 Ill.Dec. 290, 359 N.E.2d 1242, a limited new trial is proper only when the evidence of liability is so clear that there is no issue on that point for a second jury to retry. In *Leipert v. Honold* (1952), 39 Cal.2d 462, 247 P.2d 324, 29 A.L.R.2d 1185, it was held to be an abuse of discretion to grant a limited new trial when the issue of liability was close and other evidence indicated the jury was motivated by prejudice, sympathy or compromise. Pennsylvania draws a logical distinction between limited new trials for inadequate damages and those for excessive damages. In the case of the former, the liability issue must be 'free from doubt,' 'clear' and 'uncontested,' whereas in the latter, liability need only have been 'fairly determined.' The basis for the distinction is that inadequate damages. '... inherently suggest that a compromise verdict has been returned and that the issue of liability has not been "fairly determined."' *Lambert v. PBI Industries* (1976), 244 Pa.Super.Ct. 118, 366 A.2d 944. California has pointed out that, generally, only when the jury's award is substantial but still inadequate can one conclude that they erred in respect to damages only. *Hamasaki v. Flotho* (1952), 39 Cal.2d 602, 248 P.2d 910, 912–13. That case also referred to the disparity between the jury's award and the additur imposed by the court as a 'striking indication' that the jury could not agree on liability.

These cases lead to the conclusion that a new trial limited to damages because of an award of inadequate damages is proper only when it is clear that the verdict on liability is not the product of compromise. When liability is close and other evidence indicates the jury may have compromised, a new trial on damages alone is improper."

*See* T.R. 59(J)(5); *Pepsi Cola Bottling Co., Inc. of Indianapolis v. Polk,* (1981) Ind.App., 424 N.E.2d 1038; *Egyhazi v. Kertesz,* (1981) Ind.App., 419 N.E.2d 811; *Faulk v. Chandler,* (1980) Ind.App. 408 N.E.2d 584; *McNall v. Farmers Insurance Group,* (1979) Ind.App., 392 N.E.2d 520; *Hudson v. Dave McIntire Chevrolet, Inc.,* (1979) 180 Ind. App. 646, 390 N.E.2d 179.

■ In the case at bar, the only evidence at trial came from Loretta, her son Richard, and the depositions of the treating physicians. The State cross-examined the plaintiffs and tried to underscore the puzzling circumstances of the accident: a straight road, clear day, light traffic, slow speed, her familiarity with the route, no obstructions on the driving surface, and Loretta's leaving the driving surface of the road. Although the jury found for the plaintiffs and against the defendant, the evidence and inferences are conflicting and might have supported a verdict either for the plaintiffs or the defendant. The trial court concluded in its December 28, 1982 order [5] that "[s]ince it is not clear that the jury's verdict on liability was not the product of compromise, a new trial limited to the issue of damages would be improper." Where the inadequacy of damages may be the result of compromise by the trier of fact on the question of liability, it is unjust to order a new trial limited to the issue of damages. *McNall, supra.* Because the evidence in the case at bar supports a much larger damage award, the court concluded that the jury may have reached a compromised verdict. This is especially evident in that the trial court ordered a new trial on Loretta's alleged contributory negligence. By her testimony Loretta was familiar with the road, it was a sunny day, there was not much traffic, and the road was straight where she left the road.

■ The defense of contributory negligence is not dependent upon any negligence of the defendants in the case, but rather is a complete defense in Indiana if plaintiff was negligent and such negligence proximately contributed to her injury.[6] *Chamberlain v. Deaconess Hospital, Inc.,* (1975) 163 Ind.App. 324, 324 N.E.2d 172. In *McNall, supra,* at 526, the court said,

"The fact that the jury awarded no damages when the evidence conclusively showed substantial damages while finding Waterson negligent leads to the conclusion that the jury was unable to determine who caused the accident and arrived at this verdict by way of compromise. A new trial on the issues of liability and damages must be ordered."

Presently, there are no degrees of negligence in Indiana, if the plaintiff is guilty of any negligence, however slight, and this negligence proximately contributed to his injury, he cannot recover. *Smith v. Diamond,* (1981) Ind.App., 421 N.E.2d 1172; and *Koroniotis v. LaPorte Transit, Inc.,* (1979) Ind.App., 397 N.E.2d 656; *see State v. Thompson,* (1979) 179 Ind.App. 227, 385 N.E.2d 198.

■ The trial court's action in granting a new trial is given a strong presumption of correctness on appellate review. *Huff v. Travelers Indemnity Company,* (1977) 266 Ind. 414, 363 N.E.2d 985. Inquiry of appel-

5. The trial court split the liability question by allowing a new trial of Loretta's alleged contributory negligence without relitigating the issue of negligence. The court found, in its order, that the State was collaterally estopped from retrying the issue of negligence since it had elected to pay the $10,000 judgment to the other plaintiff, Richard Wayne Abney.

The court's reasoning is faulty without our having to discuss the merits of a collateral estoppel argument because the trial court already had concluded that the jury's verdict may have been a product of compromise. Upon this conclusion, the whole issue of liability, as our opinion above holds, must be retried. (See above cited cases.)

We agree with the State that the doctrine of collateral estoppel is not applicable here. Assuming, *arguendo,* that it did apply, it is well settled in Indiana that the contributory negligence of a driver of the vehicle may not be imputed to the passenger where such occupant exercises no control over the driver, or where the driver and passenger are not shown to be engaged in a joint enterprise. *Beem v. Steel,* (1967) 140 Ind.App. 512, 224 N.E.2d 61.

6. Effective January 1, 1985, is Indiana's new comparative fault statute, Ind.Code 34–4–33, and it will replace the contributory negligence doctrine to some extent by apportioning fault and loss between plaintiff(s) and defendant(s).

late court, in determining whether the trial court properly granted a new trial, is to examine the record to determine whether the trial court abused its judicial discretion, a flagrant injustice has been done the appellant, or a very strong case for relief from the trial court's ordering a new trial has been made by the appellant. *Id.*

In our opinion, the trial court did not abuse its discretion in ordering a new trial; however, it did err in trying to limit the question of liability to the alleged contributory negligence of Loretta. We have found no Indiana case, and none has been cited, granting a limited new trial on a bifurcated question of liability. Furthermore, we believe that such a case, if it did exist, would be contrary to T.R. 59(J)(5) and (7) as well as the case law cited above. Thus, we conclude that the trial court's grant of a limited new trial was improper; it should have granted a new trial on all issues. Therefore we reverse and remand the case for a new trial on all issues.

Judgment reversed and remanded.

ROBERTSON, P.J., and RATLIFF, J., concur.