JUSTICE CHAPMAN, dissenting: I respectfully dissent. I believe that the $100,000 verdict awarded to the decedent’s husband of 10 years and to her then 11-year-old and 14-year-old sons in this wrongful death case was so low that it is against the manifest weight of the evidence. The law presumes a substantial pecuniary loss to the next of kin in a wrongful death case. IPI Civil (Supp. 2008) No. 31.01. Without revisiting all the undisputed testimony set out in the majority opinion regarding the elements of damages, the plaintiff proved that Angela Dobyns was a loving and devoted wife and mother who, despite her battle with significant chronic pain, managed to largely carry out her motherly and wifely duties. Furthermore, she was deeply loved by her children and her husband, who suffered greatly as a result of her death. The verdict bore no reasonable relationship to the plaintiff’s losses, which were proved to be substantial. To find that $100,000 divided among the three survivors is adequate compensation for these losses trivializes the impact her death had on her family. I am mindful of the deference afforded a jury and the reluctance of courts to interfere with a jury’s discretion. Chrysler v. Darnall, 238 Ill. App. 3d 673, 678, 606 N.E.2d 553, 558 (1992). However, the trial court and the majority decision seem to imply that when there is any amount awarded to a plaintiff by a jury, that amount is deemed reasonable and not to be disturbed. On that basis, would $1,000 or even $100 still be a reasonable award for this substantial pecuniary loss? Such thinking disavows the case law setting forth the requisite that there actually be a reasonable relationship between an award and the proved damages. Winters v. Kline, 344 Ill. App. 3d 919, 926, 801 N.E.2d 984, 989-90 (2003); Wade v. Rich, 249 Ill. App. 3d 581, 587, 618 N.E.2d 1314, 1318 (1993); DeFreezer v. Johnson, 81 Ill. App. 2d 344, 348, 225 N.E.2d 46, 48 (1967). Even the defendants’ suggestion in closing argument that $1 million would be fair compensation, if the jury were to find for the plaintiff, while not arising to a judicial admission, is some indication that an award of one-tenth of that amount was inadequate. I believe that the amount awarded is so “palpably inadequate” that the jury’s verdict should be set aside and a new trial ordered. Wade, 249 Ill. App. 3d at 587, 618 N.E.2d at 1318. However, I cannot agree with the plaintiff that he is entitled to a new trial on damages alone. A new trial on damages alone should be granted “if the evidence amply supports the verdict on liability, the issue of liability is sufficiently separate from the amount of damages, and the record does not suggest a compromise verdict.” Theofanis v. Sarrafi, 339 Ill. App. 3d 460, 473, 791 N.E.2d 38, 49 (2003), citing Hollis v. R. Latoria Construction, Inc., 108 Ill. 2d 401, 408, 485 N.E.2d 4, 7 (1985). I do not believe that the plaintiff met his burden of demonstrating that the jury’s verdict was not a compromise of liability against damages. See DeFreezer, 81 Ill. App. 2d at 348, 225 N.E.2d at 48. As the defendants argue, the record here suggests a compromise verdict. The jurors’ third and fourth notes prior to the verdict evinced that they wanted to give the plaintiff zero damages or little damages if they found for the plaintiff and against the defendants. Despite the plaintiffs contention to the contrary, it would appear that the issues of liability and damages were closely connected in this jury’s mind. See Theofanis, 339 Ill. App. 3d at 473, 791 N.E.2d at 49. Additionally, at the trial there were hotly contested issues of the defendants’ fault and the decedent’s due care, resulting in the apportionment of 50% of the fault to the decedent. See Winters, 344 Ill. App. 3d at 926, 801 N.E.2d at 989; DeFreezer, 81 Ill. App. 2d at 348, 225 N.E.2d at 48. I would find that the court abused its discretion in not ordering a new trial. I would reverse and remand for a new trial on all the issues.